JOSEPH MILLER, Administrator, *et al.*, Respondents, v. ROBERT H. WHITELAW *et al.*, Appellants.

St. Louis Court of Appeals, January 31, 1888.

1. MECHANIC'S LIEN—ITEMIZED ACCOUNT.—An account filed with a mechanic's lien, which sets out all the items, with their respective dates, so that the owner is thereby informed what materials were used in his building, and at what times, substantially complies with the statute.

2. ———— PRICES OF MATERIALS.—In a mechanic's lien suit, it is error to instruct that the prices agreed upon between the contractor and the subcontractor are binding on the owner. The general rule makes the market value, in such cases, the measure of the owner's liability. But where it appears that the owner was, during the progress of the work, acquainted with the terms of the agreement between the contractor and the subcontractor, and has made no objection thereto, he will be held to the prices so agreed on.

3. PARTNERS, BUILDING CONTRACT BY—DISSOLUTION OF FIRM.—Where a partnership firm enters into a building contract, the subsequent voluntary dissolution of the firm will not determine the contract. The fact that materials are afterwards received and the work carried to completion by one of the partners alone, does not affect the identity of the contract or create separate lien claims.

4. MECHANIC'S LIEN—TIME OF FILING.—The time within which a lien must be filed for materials furnished is to be computed from the date of the last actual shipment or delivery, and not from the time when they might have been delivered under the contract, but were not.

APPEAL from the Cape Girardeau Court of Common Pleas, HON. ROBERT L. WILSON, Judge.

*Affirmed.*

WILSON CRAMER, for the appellants: The account filed is not such as is required by the statute, and ought to have been excluded. *Lowis v. Cutter*, 6 Mo. App. 54; *Kline v. Construction Co.*, 7 Mo. App. 410; *Hay-*

*den v. Wulfing*, 19 Mo. App. 353 ; *Foster v. Wulfing*, 20 Mo. App. 85 ; *Coe v. Ritter*, 76 Mo. 277 ; *Mc Williams v. Allan*, 45 Mo. 573 ; Phillips on Mech. Liens [1 Ed.] sec. 357. The owner of the property sought to be subjected to the lien is not bound by the prices agreed upon between the contractor and the materialman. *McMahon v. Bridwell*, 3 Mo. App. 572 ; *Kline v. Construction Co.*, 7 Mo. App. 410 ; *Heinrich v. Gymnastic Soc'y*, 8 Mo. App. 587 ; *Deardorff v. Everhart*, 74 Mo. 37. The dissolution of the firm of Smith & Cofer, of which the materialmen, Fathman & Miller, had notice in February, broke the continuity of the account, so that no materials furnished subsequently to that time could be charged up to Smith & Cofer. Consequently the three last items in the account cannot be considered. Assuming the three last items to be proper charges, separate liens should have been filed. *Gauss v. Hussman*, 22 Mo. App. 115 ; *Livermore v. Wright*, 33 Mo. 31 ; *Allen & Co. v. Mining Co.*, 73 Mo. 688, 693. Plaintiffs' account was not filed in the clerk's office in the time prescribed by statute.

JULIAN LAUGHLIN, for the respondents : This account gives the years, months, days of the month, and each and every item as furnished by plaintiffs, so that the owner is fully informed as to every item furnished by these respondents, and the days and years on which the same were delivered. *Cole v. Barron*, 8 Mo. App. 509 ; *Hayden v. Wulfing*, 19 Mo. App. 353 ; *Lowis v. Cutter*, 6 Mo. App. 45. In *Kling v. Construction Co.* (7 Mo. App. 410), the objections to the account were (1) that no items were set out," only one lump sum,— "to contract price, $4,996.00 ; " (2) that the lien claim was not substantially correct, but greatly in excess of the amount really due. Neither of these objections can be urged to the account here filed. In *Foster v. Wulfing* (20 Mo. App. 85), the objection to the account was, that it was one lumping charge for labor and material, which did not state how much labor or how much ma-

terial was contained in the claim. This objection cannot be urged to the lien here. At the trial of the case, both sides treated the bid of Fathman & Miller as the reasonable market value of the goods, and as *prima-facie* evidence of value. *Hilliker v. Francisco*, 65 Mo. 598; *Deardorff v. Everhart*, 74 Mo. 37. As to the third point in appellants' brief, it is immaterial whether all materials were delivered to Smith & Cofer as a firm, or to Smith individually, so long as one of the original contractors was made a party to the suit. *Foster v. Wulfing*, 20 Mo. App. 85; *Putman v. Ross*, 55 Mo. 116; *Hassett v. Rust*, 64 Mo. 325.

LEWIS, P. J., delivered the opinion of the court.

The plaintiff, as surviving partner administering the partnership estate of Fathman & Miller, sues to enforce a' mechanic's lien against the dwelling-house and lot, in Cape Girardeau, owned by the defendant, Whitelaw. The defendants, Smith & Cofer, were the contractors with Whitelaw for the building of the house, and the plaintiffs, under a contract with Smith & Cofer, furnished the doors, window-frames, mouldings, and other mill furnishing materials which were put into the work. The account filed for the lien itemizes all the articles separately, and closes with the charge, "as per agreement, $807." Credits are given amounting to $112, leaving the balance claimed, $695. The court, sitting as a jury, gave judgment for the plaintiffs, with the lien demanded.

The defendants object, in general terms, that the account filed for the lien was not in conformity with the requirements of the statute, and ought to have been excluded from the evidence. We can only infer the specific ground of objection from the authorities cited in its support. These were cases in which the accounts were defective, in failing to set out the several items, in making a lumping charge for the whole instead, or in referring to another paper for the items of the account.

The account filed in this case is not open to any of these objections. All the items are distinctly set out, with their respective dates, so that the owner was plainly informed what materials went into his building, and at what dates, respectively. We think that the account was in substantial compliance with the directions given by the statute.

The court instructed for the plaintiffs that, in determining the value of the materials furnished by the plaintiffs and actually used by the contractors, Smith & Cofer, or either of them, in the erection of the building, " the price agreed upon by plaintiffs and the defendants, Smith & Cofer, should alone be considered in this cause." This was erroneous, and contrary to rulings of this court and of the Supreme Court. The rule is, that the contractor cannot bind the owner to any values agreed upon between him and a subcontractor or materialman. As against the owner, only the market value of the materials can be recovered. *McMahon v. Bridwell*, 3 Mo. App. 572; *Kling v. Construction Co.*, 7 Mo. App. 410 ; *Deardorff v. Everhartt*, 74 Mo. 37. But it does not follow that this incorrect ruling should reverse the judgment. Its erroneous character consists chiefly in the omission of proper qualifications, which qualifications were fully supplied in the testimony. There was uncontroverted evidence tending to show that the, defendant owner, Whitelaw, was fully informed of the contract between the principals and the subcontractors, and kept himself informed about it from time to time, by correspondence with the plaintiffs. This, according to the decision in *Hilliker v. Francisco* (65 Mo. 598), qualifies the operation of the general rule, and holds the owner to the prices of the materials, or to the aggregate sum charged for them, in the contract between the contractor and the subcontractor. It is also held in *Deardorff v. Everhartt* (74 Mo. 37) that the agreed prices between the contractor and the subcontractor will be received as *prima-facie* evidence of the market value. It does not appear from the record that the defendants made any question of the

value of the materials, as fixed in the contract. Considering all these things together, we cannot perceive that the defendants were in any way prejudiced by the form or matter of the instruction, as given.

There was a dissolution of the partnership between Smith & Cofer before all the materials had been furnished by the plaintiffs under their contract. The defendants contend that this operated a discontinuance of the contract, so that separate lien proceedings became necessary. The cases cited are not parallel. In *Gauss v. Hussmann* (22 Mo. App. 115), the owner died before the completion of the building contract, and it was held, that, as in all cases of contracts for personal services, the death of one of the parties put an end to the contract, and the articles furnished or work done after the death could not be blended in the same lien account with the charges that had accrued previously. This is obviously the law, for very simple reasons. But it was never supposed that a partnership firm entering into a contract with a third party could, by an act of dissolution, or any other voluntary act, release its members from the obligations of the contract. In the present case, all the materials were furnished under one contract, which was still subsisting when the last article was supplied. The fact that the last articles were shipped to the address of the partner who continued to carry on the business can make no difference whatever. The other cases cited are still less in point.

It is objected, further, that the lien account was not filed within four months after the indebtedness accrued, as required by the statute. The last item in the account bore date May 13, 1884, and the lien was filed on July 19, 1884. Here was an interval of less than four months. But it was in evidence that the items bearing date April 5 and May 13, were of articles which ought to have been included in former shipments, but had been omitted by accident, and also of a vestibule door which was intended to be substituted for one that had been previously sent, and found to be of the wrong dimensions. The defend-

ants, therefore, insist that these items should be considered as of the dates, respectively, when the articles were to have been first delivered, the effect whereof would be to place the entries at a date more than four months prior to the filing of the lien. This process involves the somewhat embarrassing proposition, that we are to treat the articles as having been *constructively* delivered at a time when they might have been delivered, but for a mistake of the shippers; and so, it would follow, by relation back to that time, the subcontractors had become liable to pay for those articles some months before they were actually delivered or shipped. We cannot so apply the doctrine of relation. By the terms of the contract, and the law governing the case, the indebtedness for the materials accrued at the time of the last actual shipment "on board the boat" at St. Louis, and not before. There is nothing in the point.

With the concurrence of all the judges, the judgment is affirmed.