CAHILL, COLLINS & CO., Appellants, v. EVERETT
ELLIOTT *et al.*, Respondents.

### Kansas City Court of Appeals, May 22, 1893.

1. **Mechanics' Lien:** WITNESSES: DEATH OF CONTRACTOR. The plaintiff sub-contractor is not a competent witness in his suit against the contractor's administrator and the owner to enforce a mechanics' lien, even though the administrator's answer admits the allegations of the petition.

2. ———: CREDIT OF THE BUILDING: INSTRUCTION: HARMLESS ERROR. Whether an instruction requiring plaintiff to show the materials were furnished for the building and upon its credit is error or not, it was harmless in this case, where the trial was before the court and there was a failure of evidence that the material was furnished for the building.

*Appeal from the Jackson Circuit Court.*—HON. C. O. TICHENOR, Special Judge.

AFFIRMED.

*H. D. Wood* and *George N. Elliott*, for appellants.

(1) The rejection of the testimony of the plaintiff Cahill by the court, based upon the ground that the contractor to whom the materials were furnished was dead, was erroneous. The statute is an enabling, not a disabling, one. *Bates v. Forchet*, 89 Mo. 128. (2) Where at common law a party could testify, he can still do so notwithstanding the death of the party to the contract or cause of action. *Angell v. Hester*, 64 Mo. 144; 1 Greenleaf on Evidence [12 Ed.] par. 350; *United States v. Murphy*, 16 Pet. Rep. 203; *DeWitt v. Smith*, 63 Mo. 266; *Henry v. Evans*, 97 Mo. 52. (3) The testimony of Cahill ought not to have been excluded. It was competent to the issue between Miller, the owner,

and plaintiffs, as to plaintiffs' right to a lien, an issue exclusively between them, and "the cause of action in issue and on trial," with which the representative of the deceased contractor had nothing to do. Neither of the parties to this issue was dead. *Nugent v. Curran*, 77 Mo. 325; *Poe v. Domine*, 54 Mo. 124; *Martin v. Jones*, 59 Mo. 186; *Williams v. Perkins*, 83 Mo. 385; *Wallace v. Jacko*, 25 Mo. App. 313; *Fulkerson v. Thornton*, 68 Mo. 468; *Wiley v. Morse*, 30 Mo. App. 269. (4) The contractor being incompetent as a witness to these facts in issue between the material-man and the owner, his death cannot affect the competency of the material-man as a witness to any one or all of such facts, the purpose of the statute being to close the mouth of one party by law only where the mouth of the other party is closed by death. *Coughlin v. Haeussler, Ex'r*, 50 Mo. 126; *Butts v. Phelps*, 79 Mo. 302; *Meier v. Thieman*, 90 Mo. 443. (5) The testimony excluded must be of a character adverse to the interest of the estate of the decedent. Where the issue does not involve any interest of the estate of the decedent the other party is a competent witness. The issue of lien did not relate to the contract with Everett. *Priest v. Chouteau*, 12 Mo. App. 252; s. c., 85 Mo. 409; *Ring v. Jamison*, 2 Mo. App. 584; *Bank v. Payne*, 20 S. W. Rep. (Mo.) 41. (6) No court of this state has ever held that the workman or material-man must show, in addition to the fact that he did work upon or furnish material for a building, that he did such work or furnished such material upon the credit of the building. In respect to the delivery of the materials it is only necessary to prove two things: That they were furnished for the building, and that they were used in the building. *Fatham, etc., v. Ritter*, 33 Mo. App. 407; *Henry et al. v. Evans*, 97 Mo. 47.

*Lathrop, Morrow & Fox*, for respondents.

(1) The plaintiffs absolutely failed to trace any contract relation between themselves and the landowner. This being true, the lien must fail. *Kling v. Construction Co.*, 4 Mo. App. 574. (2) The court committed no error in striking out and disregarding the testimony of witness Cahill, one of the plaintiffs. *Angell v. Hester*, 64 Mo. 142; *Meier v. Thieman*, 90 Mo. 442; *Leach v. McFadden*, 110 Mo. 584; 19 S. W. Rep. (Mo.) 947; *Leeper v. Taylor*, 111 Mo. 312; 19 S. W. Rep. (Mo.) 955; *Messimer v. McCray*, 113 Mo. 382; 21 S. W. Rep. (Mo.) 17. (3) The answer of the administrator of Everett, admitting the allegations of the plaintiffs' petition, does not help the appellants' contention. *Allen v. Allen*, 26 Mo. 327; *Melcher v. Derkum*, 44 Mo. App. 650; *Loan Co. v. Aid Ass'n*, 27 N. E. Rep. 952; *Chapman v. Dougherty*, 87 Mo. 617. (4) The authorities cited by the appellants are far from sustaining their position. Revised Statutes, 1889, sec. 8918.

ELLISON, J.—This action is to enforce a mechanic's lien. Plaintiff is a sub-contractor and defendant Miller is the owner of the building. Pierce Everett was the contractor and was made a defendant, but he died before the trial. His administrator was then made a party. The administrator admitted by answer the allegations of the petition. Plaintiff's testimony was excluded by the trial court, and that is the principal reason for his appeal. The facts necessary for plaintiff to prove, since he had no contractual relations with defendant Miller the owner, were that he sold the material to Everett, the contractor, and the price and amount thereof, as well as that it was *for use on Miller's building*. In other words the contracting

parties, the parties to the contract, were Everett and plaintiff. Everett was the sole contractor upon one side and plaintiff upon the other. Everett being dead, plaintiff the other party to the contract is disqualified. One of the issues here involved the question whether the material was sold for this building and was used therein, or was it sold on the individual credit of Everett? Everett, the other contracting party, being prevented by death from testifying to these things the plaintiff is disqualified. Such is the spirit and letter of the statute. The cases to be found in appellant's brief deciding that though one party to a contract is dead the other may testify, are not applicable. Those cases are where there is yet a surviving party who made the contract, such for instance, as a surviving partner.

The court having excluded the testimony of plaintiff gave a declaration to the effect that there was no competent evidence showing that the materials in con troversy "were furnished for the building *and upon its credit.*" The words italicised are criticised by appellant. Whether it is necessary in order for a sub-contractor to establish a mechanic's lien against a building that he should take upon himself the burden to prove, affirmatively, that the material was furnished on the credit of the building, is not necessary to say. It may be conceded, and is perhaps true, that upon proof that material was furnished for a building it would be presumed to have been on its credit for lien purposes. If the fact was otherwise and the material was sold on the exclusive credit of the contractor, it could be shown in defense. But this case was tried without a jury and the words here criticised are doubtless merely cumulative on the previous expression, "for the building." At any rate an examination of the evidence of the witnesses mentioned by appellant fails to sustain

his statement that the material was by them shown to have been furnished by plaintiff *for the building*, and this fact justifies the declaration. The plaintiff lived in St. Louis and furnished goods to Everett, a dealer here. So far as the testimony of these witnesses is concerned, plaintiff knew nothing of where the goods were placed until after the buildings were completed.

The judgment will be affirmed. All concur.