59	391
73	368
59	391
88	529
59	391
165s	181

THE GREAT WESTERN MANUFACTURING COMPANY,
Appellant, v. BURNS & COMPANY, Respondents.

Kansas City Court of Appeals, November 19, 1894.

1. **Mechanic's Lien**: ACCRUING OF INDEBTEDNESS: TIME OF FILING.
The mechanic's lien statute requires that the lien paper must be
filed within six months after the indebtedness shall have accrued.
An indebtedness accrues when it comes into existence as a com-
pleted obligation, as on a running account, from the furnishing of the
last item. It exists then as completed, though it can not be sued
upon until due.

2. ———: ———: FAILURE TO DELIVER. The seller's omission to
deliver a part of the thing sold (in this case unintentional) is a mat-
ter of which the purchaser only can take advantage, and will not
extend the time of the accruing of the indebtedness, and so extend
the time within which to file a lien account; especially, as in this
case, where, at the first delivery, the purchaser accepted the notes of
the defendant for the whole indebtedness.

3. ———: MISSOURI STATUTE: CASES DISTINGUISHED. The case of
*Miller v. Whitelaw*, 28 Mo. App. 643, and cases from other states are
distinguished, since in neither of those states is the lien statute like
the Missouri statute, Texas and Alabama alone having statutes con-
taining the peculiar phraseology of the Missouri statute.

*Appeal from the Buchanan Circuit Court.*—HON. HENRY
M. RAMEY, Judge.

AFFIRMED.

*Dowe, Johnson & Rusk* for appellant.

(1) A cause of action accrues when the defend-
ant's liability becomes complete. *Kennedy v. Burrier*,
36 Mo. 128–130; *Mundt v. Railroad*, 31 Wis. 451. A
debt accrues upon a contract, unless otherwise pro-
vided, when the claimant has fully performed, and not
before. (2) Under our mechanics' lien statutes and

others similar to ours, the limitation does not begin to run until the consummation of the contract, until the material or machinery called for by the contract is all furnished as stipulated. Phillips on Mechanics' Liens [Ed. 1893.], secs. 323, 329; *Bruce v. Berg et al.*, 8 Mo. App. 204; *Livermore v. Wright*, 33 Mo. 31–33; *Nichols v. Culver*, 51 Conn. 177; *Hubbard v. Brown*, 8 Allen (Mass.) 590; *Baptist Church v. Trout*, 28 Pa. St. 153; *Stock Yds. v. O'Reiley*, 85 Ill. 546; *Haden v. Buddensiek*, 6 Daly (N. Y.) 3; *Fowler v. Bailey*, 14 Wis. 125; *Miller v. Whitelaw*, 28 Mo. App. 639, 643; *Pressed Brick Co. v. Stout*, 45 Minn. 327; *Hardware Co. v. Railroad*, 25 Pac. Rep. (Cal.) 125; *Watts-Campbell Co. v. Yuengling*, 125 N. Y. 1; *McKelvey v. Jarvis*, 87 Pa. St. 414; *Parrish & Hazzard's Appeal*, 83 Penn. 111; *Basher v. Nordyke*, 25 Kan. 222; *Worthen v. Cleveland*, 129 Mass. 290, 570; *Derrickson v. Edwards*, 29 N. J. L. 468; *Wilson v. Forder*, 30 Pa. St. 129; Hill's Est. 2 Clark (Pa.) 96. When additional work is done or materials furnished after the contract is apparently completed, the only question is, was it done or furnished under the contract and pursuant to its terms; this is the decisive test. (3) Where the omission is by mistake, as in the case at bar, the rule is the same. *Miller v. Whitelaw, supra; Parrish & Hazzard's Appeal, supra; Pressed Brick Co. v. Stout, supra; Stock Yards v. O'Reilly, supra; Bashor v. Nordyke, supra; Worthen v. Cleveland, supra.*

*Brown & Imel, Vinton Pike* and *Willard P. Hall* for respondent.

(1) The lien was void because it was filed more than six months after the indebtedness accrued. R. S., sec. 6709. (2) The lien could not be enforced in this suit because said suit was instituted more than

nine months after the indebtedness accrued. R. S., sec. 6720. (3) Our statute is a peculiar statute in the respect that it makes the time within which a lien may be filed begin to run from the accruing of the indebtedness. An examination of the statutes of the different states on this subject, collated in 2 Jones on Liens, will show that the statutes of only two other states, Alabama and Texas, are like ours in that respect. Phillips on Mechanics' Liens, sec. 329; *Patrick v. Valentine*, 22 Mo. 143; *Schulenberg v. Gibson*, 15 Mo. 281.

ELLISON, J.—The decision in this case turns upon the question of the time at which the indebtedness "accrued" under section 6709, Revised Statutes, 1889. The machinery sold by this plaintiff was a single piece of property, bought by defendant and accepted by him as one piece of property for an agreed price of $982.93, for which two notes were executed. By the express terms of the statute aforesaid the lien must be filed within six months "after the indebtedness shall have accrued." So that if the indebtedness accrued at the time the machine was delivered and the notes executed the alleged lien was not filed within six months thereafter. If the indebtedness did not accrue until several weeks after the execution of the notes and delivery of the machine, then the lien paper was filed within the six months limited by the statute for its filing. The indebtedness accrued when it came into existence as a completed obligation owing by defendant to the plaintiff, for a debt to accrue is nothing more nor less than for it to exist in a complete form; as on a running open account, this would be, under the implied contract, when the last item was furnished. *Bolen Coal Co. v. Ryan*, 48 Mo. App. 516. The question, when does a debt accrue, is altogether distinct from the question,

when does it become due. It can not be sued upon until it becomes due, but it exists from its completed origin. So it has been held in lien cases that if the debt is not to become due until beyond the time limited for bringing an action to enforce the lien, the lien fails. *McMurray v. Taylor*, 30 Mo. 263.

When the purchase of property, accompanied by delivery, occurs, the indebtedness accrues and becomes fixed when the delivery is made. But it is here asserted that the delivery of the property in this instance was not made, since a feed gate belonging to the machinery, valued at $4, did not accompany it. The plaintiff's omission to deliver the feed gate was conceded to be unintentional, and its absence was a matter of which only the defendant, as purchaser, could take advantage. The plaintiff, as seller, could not say to the defendants: I find that I have failed to send to you the feed gate, and therefore the matter between us is annulled; I will cancel the indebtedness and take back the machine. The purchaser has the unquestioned right to hold fast to the contract—to treat his indebtedness as still subsisting, and to call for the feed gate. The purchaser (conceding the contract to be violated in a substantial part) has the right to throw up the contract, but not the seller. This plain rule in such cases avoids the anomalous position which would otherwise result, that a vendor could reap an advantage brought about by his own wrong. Suppose that in this case the purchase price had been due in ten days after the sale and delivery of the machine and in a suit thereafter instituted the defendant had answered that he had discovered the feed gate had not accompanied the delivery of the machine, but nevertheless have kept the machine and called for the feed gate, which plaintiff thereupon delivered to him, would the judgment be that plaintiff had instituted his suit when no

debt existed against defendant? The judgment would unquestionably be that plaintiff had a debt, and that he should recover the amount thereof, less whatever should be recouped by way of damages, if any, which defendant may have suffered by reason of the non-delivery of the part. Whenever a vendor fails to deliver a part of the thing he contracts and sells to the vendee and the vendee elects to stand to the contract, he may do so. If he considers his contract and purchase to be beneficial to him, he may, if he chooses, overlook the vendor's fault, and the contract, as a matter of course, remains unimpaired. The contract, as such, continues just as if there had been no failure by the vendor. The plaintiff's position here, so far as it relates to when the indebtedness accrued, would lead logically to this: That if defendants had paid plaintiff the price of the machine on the next day after its delivery, and plaintiff afterwards concluding that he would prefer to have the machine rather than the money for which he sold it, could say to defendants, "by my fault I failed to deliver the feed gate belonging to the machine I sold you, and have come now to return you your money and take my machine."

There are several cases in this state announcing the well recognized rule in mechanics' liens that in a running account for material furnished, the limitation in which the lien must be filed begins to run from the date of the last item. This rule is merely in recognition of the contract between the parties. A running account is founded on a continuing contract, express or implied. The rule does not harm defendant's position here. For he is seeking to have the legal effect of the contract in this case applied to the case.

Plaintiff has cited *Miller v. Whitelaw*, 28 Mo. App. 643. The case does not aid them in any way. The

contract in that case was that "the indebtedness for the materials accrued at the time of the last actual shipment 'on board the boat' at St. Louis."

Plaintiff likewise cites a number of authorities found in the reports of the states of Connecticut, California, New York, Pennsylvania, Wisconsin, Minnesota, Illinois, Kansas and Massachusetts. In neither of these states is there a lien statute like ours. As shown by 2 Jones, on Liens, sections 1187-1233, there are but two states with a statute containing the peculiar phraseology of ours. These are Alabama and Texas. The statutes of the states first mentioned authorize the lien paper to be filed within a time limited, "after the service is performed or the material is furnished." Or, "after the completion of the building or final performance of the work." Or, "after the work shall have been finished, or materials furnished." Or, "after the commencement of the work or delivery of the materials." The construction of such statutes ought not to be called to aid in the construction of statutes like ours.

We think the judgment should be affirmed. All concur.