T. A. MILLER LUMBER COMPANY, Respondent, v. J. OLIVER *et al.*, Appellant.

St. Louis Court of Appeals, March 10, 1896.

1. **Parties, Misjoinder of:** WHO ENTITLED TO OBJECT. The objection, that there is a misjoinder of parties defendant is open only to a defendant who has been improperly joined.

2. **Mechanics' Lien:** PARTIES. The parties to the contract are the only necessary parties defendant to an action by a subcontractor for the enforcement of a mechanic's lien, though others who are interested in the controversy, or in the property sought to be charged, may be joined in order that the proceeding may bind their interests.

3. ———: REPRESENTATIVE PARTIES. *Held,* in the course of discussion, that proceedings at law are not subject to the rule which obtains in equity, that, when *cestuis que trust* are numerous and it would be oppressive or inconvenient to make all of them parties defendant to an action, one or more of them may be sued as representing the aggregate body; and, accordingly, that when property belongs to an unincorporated association, the title of such association or of its members in the aggregate will not be bound by making the trustees of the association parties defendant to a proceeding for the enforcement of a mechanic's lien.

4. **Conveyances:** DEED TO UNINCORPORATED BODY. *Held, arguendo,* that a deed which purports to convey land will not pass any title, if the grantee named therein is an unincorporated association.

*Appeal from the Lawrence Circuit Court.*—HON. W. M. ROBINSON, Judge.

REVERSED AND REMANDED (*with directions*).

*Henry Brumback* for appellants.

*Norman Gibbs* and *Mann & Talbutt* for respondent.

BIGGS, J.—The defendant Oliver had the contract for the erection of a church building in the city of

Mount Vernon. The plaintiff under a contract with him furnished the lumber for the house, for which he failed to pay in full. The present action is against him for the balance due, and to enforce a mechanic's lien against the building and the lot on which it was erected. J. H. Kirby, Thomas J. Kemper, B. B. Dyer, C. C. Shelton, John A. Cochran, and George A. McCanse, were also made defendants. It was averred in the petition that the lot belonged to the members of the Cumberland Presbyterian Church at Mount Vernon, the church being unincorporated, and that the above named defendants composed the building committee and the agents and officers of the members; that they were duly authorized to enter into contracts for the construction of the building, and, in pursuance of the power thus conferred, they did make a contract with Oliver to furnish all of the materials and do the work necessary for the completion of the house. It was also averred, at least inferentially, that they were members of the congregation. Concerning the defendant William A. McCanse it was stated that he had, or may have, some interest in the property, and that he belonged to the membership of the church organization. The defendants who composed the alleged building committee filed their separate demurrer to the petition, and for grounds of demurrer assigned: *First*, that there was a misjoinder of parties defendants; *secondly*, that it appeared from the petition that they were not proper parties for the enforcement of the alleged lien; *thirdly*, for want of necessary parties defendants. The defendant, William A. McCanse, also demurred for the reasons that the petition stated no cause of action against him, and that there was a misjoinder of parties defendants, and that he was not a necessary or proper party to a complete determination or settlement of the controversy. The demurrers were

overruled, and the defendants refused to plead further. Oliver made default. Upon the hearing of the evidence the circuit court rendered judgment against Oliver for the amount claimed, and further that, if sufficient property of Oliver could not be found to satisfy the judgment, then the interests of the defendants and that of *the Mount Vernon congregation* in the property mentioned be sold, etc. The defendants have appealed.

Touching the ownership of the lot it is affimatively stated in the petition that it belonged to the members of the church organization. Under this averment it is contended by the defendants that *all* of the members should have been made parties to the action. This is the important question presented by the demurrers. The objection that there is a misjoinder of parties defendants is only open to a defendant who has been improperly joined. *Alnutt v. Leper*, 48 Mo. 319; *Ashby v. Winston*, 26 Mo. 210. As it was alleged in the petition that all of the defendants were members of the congregation, and as the demurrers proceed, as they must, upon the theory that the members are the only necessary or proper parties, it is obvious that there is nothing in the first ground stated in the demurrers. The argument in support of the second ground of the first demurrer is equally untenable. The substance of it is that, as the members of the building committee were charged as having acted in a purely representative capacity, their principals and not they should have been sued. The argument would have merit, were it not also averred that they were *members of the congregation*. They were thus acting for themselves as well as others. It is also averred that they were in the possession of the premises, claiming to be the equitable owners thereof. The third objection, that is, that the petition shows on its face a want of necessary parties defendants, is properly taken, and in fact can only be

taken advantage of by demurrer. *State ex rel. v. Sappington*, 68 Mo. 454. As before stated, the foundation of this objection to the petition is that *all* of the members of the organization should have been sued. This is an erroneous view. The statute is that the parties to the contract only are necessary parties. Others who may be interested in the matter in controversy or in the property charged with the lien *may* be made parties, but such as are not made parties will not be bound by the proceeding. R. S. 1889, sec. 6713. Here it is averred that Oliver made the contract with the building committee; that they and the other members of the congregation were the equitable owners of the land; that they were in possession of it, and that they had authority from their co-owners to make the contract. Under these averments the demurrer was properly overruled. The plaintiff had the right, if it so elected, to enforce the lien against the interests *only* of the parties to the suit, and of this they had no right to complain. The interests of their co-owners would in nowise be bound by the proceeding. *Hauser v. Hoffman*, 32 Mo. 334; *Schaeffer v. Lohman*, 34 Mo. 68; *Seibel v. Siemon*, 52 Mo. 363; *Mississippi Planing Mill v. Presbyterian Church*, 54 Mo. 520; *Hein v. Vogel*, 69 Mo. 529. The argument advanced by counsel for respondent, that the other members of the congregation *were* represented by the other defendants, who were the trustees and officers of the church organization, may be supported by sound reason, but it is against the practice in actions at law. It has always been a rule of practice in equity that, when the *cestuis que trustent* are numerous and it would be oppressive or inconvenient to compel the plaintiff to make them all parties, one or more may be sued as representing the aggregate body. *Bushong v. Taylor*, 82 Mo. 650. But it is believed that no case can be found which authorizes this practice in actions at

law, except where there is a statute authorizing it to be done.

As to the demurrer of W. A. McCanse, it is sufficient to add that he was a proper party, as it was alleged that he was a member of the organization. Besides, it was shown at the trial that he held the legal or record title to the lot, which rendered it the more important that he should be made a party. It seems that many years ago he attempted to convey the lot to the congregation of the Cumberland Presbyterian Church at Mt. Vernon. As the congregation was unincorporated, it was incapable of becoming the grantee of land in a corporate name, and hence the deed was a nullity and passed no title to anyone. *Douthitt v. Stinson*, 63 Mo. 268.

The judgment as to the trustees or building committee and W. A. McCanse is supported by the evidence and is correct, but, in so far as it authorized the sale of the interest of the Mount Vernon congregation in the lot, it was unauthorized. It will therefore be reversed, and the cause remanded with directions to enter a new judgment, omitting therefrom the name of the congregation. All the judges concur.