WESTERN SASH & DOOR COMPANY, Respondent, v. J. L. BUCKNER et al., Appellants.

Kansas City Court of Appeals, April 24, 1899.

1. **Mechanics' Liens**: CONSTRUCTION OF STATUTE: REMEDIAL. In some jurisdictions mechanics' liens statutes are strictly construed as in derogation of common law, while in others they are liberally construed so as to broaden the remedy.

2. ———: DEFINITION: CONTRACTOR AND SUBCONTRACTOR: CONTRACT. Within the meaning of the mechanics' lien statute a contractor is not confined to one who furnishes labor alone or labor and material under a contract with the owner, but includes as well one who furnishes material only under a contract with the owner, and a subcontractor is not solely one who furnishes labor alone, or labor and materials, under a contract with the original contractor but includes one who furnishes material only under a contract with the original contractor, though a subcontractor can have no lien for materials not called for in the original contract.

3. ———: SUBCONTRACTOR: PURCHASING MATERIAL. A subcontractor under the statute is on the same footing with the contractor in regard to purchasing materials on the credit of the building and has a lien for the same.

4. ———: SALE OF MATERIAL: CREDIT TO THE BUILDING. The facts in this case tend to prove that the material was furnished on the credit of the lien given by the statute.

*Appeal from the Jackson Circuit Court.*—Hon. E. L. Scarritt, Judge.

Affirmed.

Clarence S. Palmer for appellant.

(1) If there is any such thing as selling materials under such circumstances that the plaintiff, while knowing what building they are to be used in, can not claim a lien, then this is that sort of case. Buckner, the lumber dealer, was merely a materialman and not a subcontractor within the meaning of the Missouri statute. We submit that the mere fact that in the Missouri decisions a materialman who sells to a contractor is often spoken of as a subcontractor, has no bearing on this case for the reason that the question here raised was not involved, and in the one case in the St. Louis court of appeals, the Lumber Co. v. Planing Mill Co., 59 Mo. App. 661, this question was not at all raised and was not considered by the court. Duff v. Hoffman, 63 Pa. St. 191; Phillips on Mechanic's Liens, sec. 51; Singerly v. Doerr, 62 Pa. St. 9; Schenk v. Uber, 81 Pa. St. 31; Browne v. Cowan, 110 Pa. St.

588; Caulfield v. Polk, 17 Ind. App. 429; Burns' Revised Statutes (1894), sec. 7255; Rolling Mills Co. v. Construction Co., 68 Fed. Rep. 966; Loan & Trust Co. v. Railway, 127 Ind. 250; Roebling's Sons Co. v. Humboldt, etc., Co., 112 Cal. 288.

LATHROP, MORROW, FOX & MOORE for respondent.

(1) There is not a particle of testimony to the effect that the Sash & Door Company sold the mill work relying exclusively upon Buckner's credit. Stove Co. v. Spear, 65 Mo. App. 87; Lumber Co. v. Johnson, 38 Mo. App. 404; Cahill v. Elliott, 54 Mo. App. 387; Lumber Co. v. Hoos, 67 Mo. App. 264, 274. (2) We know of no better way of determining, to the satisfaction of this court, the common and usual meaning of the term "subcontractor" than by referring this court to the reported decisions in this state, wherein the word has been used. Lumber Co. v. Christophel, 59 Mo. App. 80; Planing Mill Co. v. Allison, 138 Mo. 50; 71 Mo. App. 251; Lumber Co. v. Hays, 75 Mo. App. 516; Cahill v. McCornish, 74 Mo. App. 609; Mill Co. v. Ritter, 33 Mo. App. 404; Henry & Coatsworth v. Evans, 97 Mo. 47; Lumber Co. v. Lumber Co., 72 Mo. App. 248; Fruin v. Furniture Co., 20 Mo. App. 313; Hassett v. Rust, 64 Mo. 325; Miller v. Whitelaw, 28 Mo. App. 639; Cahill v. Elliott, 54 Mo. App. 387; Lumber Co. v. Oliver, 65 Mo. App. 435; Meyer v. Christian, 64 Mo. App. 203; Bambrick v. Webster Groves, etc., 53 Mo. App. 225; Miller v. Hoffman, 26 Mo. App. 199; Crane Co. v. Hanley, 53 Mo. App. 540; Gauss v. Hussmann, 22 Mo. App. 115; Nelson v. Withrow, 14 Mo. App. 270; Mfg. Co. v. Gapen, 22 Mo. App. 397; Iron Works v. Smelting Co., 80 Mo. 265; Hearne v. Railroad, 53 Mo. App. 324.

SMITH, P. J.—This is an action to enforce a mechanics' lien; and in which the plaintiff had judgment and defendants appealed.

VOL. 80 app—7

The case is something like this:    Billings, the owner of a lot in Kansas City, entered into a contract with Gordy & Son to perform all the labor and furnish all the STATEMENT. material for the building of a house on said lot. The contractors, Gordy & Son, entered into a further contract with Buckner to furnish all the lumber and mill work, which was required for the building. Buckner, under his subcontract with Gordy & Son, furnished the lumber, but the mill work, consisting of doors, window sash, etc., he could not himself furnish, for the reason that he did not carry the same in stock, nor was he a manufacturer thereof. He gave the plaintiff, a corporation operating a planing mill, an order to deliver to the contractors on the premises the mill work specified in the contract entered into between the contractors and himself. The plaintiff delivered the said mill work on the premises to the contractors by whom it was wrought in the building.

The question to be decided is, whether, under the facts as we have stated them to be, the plaintiff was entitled to a mechanics' lien?

The contention of the defendants is, that Buckner was merely a materialman and not a subcontractor within the meaning of the statute; and therefore not entitled to a lien. And on the other hand, the plaintiff insists that if the defendants' contention can be upheld that then it inevitably follows that a laborman is not a subcontractor and therefore a subcontractor must be one who furnishes both labor and materials. Plaintiff further insists that the term "subcontractor" is broader and more comprehensive in its signification than that of "laborman" or "materialman," inasmuch as it includes both of the latter and may mean either one or the other, or both.

The statute—section 6705, Revised Statutes—referred to and relied on by defendants to sustain their contention provides:    "Every mechanic or other person who shall do or per-

form any work or labor upon or furnish any material * * * for any building * * * under or by virtue of any contract with the owner or proprietor thereof, or his agent, trustee, contractor or subcontractor upon complying with the pro- visions of this article shall for his work or labor done, or ma- terials * * * furnished, a lien upon such building * * * and upon the land belonging to such owner, on which the same is situated, * * * to secure the payment for such work or labor done or materials * * * furnished, as aforesaid."

In some jurisdictions a strict construction of statutes of this kind has been adopted, upon the idea that they are in der- ogation of the common law and are not presumed to make any changes in the general law beyond what the act expressly declares; while in others, such statutes have been given a liberal construction upon the theory that they are highly remedial, so as to broaden and not restrict the remedy. DeWitt v. Smith, 63 Mo. 263; Oster v. Rabeneau, 46 Mo. 595; Dugan Stone Co. v. Gray, 114 Mo. 500; Ranson v. Sheehan, 78 Mo. 673; Construction Co. v. Jones, 60 Mo. App. 1.

*MECHANICS' liens: construction of statute: remedial.*

It has been ruled by our supreme court that where a party seeks to enforce a mechanics' lien for materials fur- nished he must show that he furnished such materials for a building under a contract either with the owner or the contractor for the building. Hause v. Thompson, 36 Mo. 451; Hause v. Carroll, 37 Mo. 578. And it has been further ruled that a materialman may be an original contractor, and that he is, in fact, such contractor if he furnish the materials on a contract with the owner. Hearne v. Railway, 53 Mo. 324; Mfg. Co. v. Gapen, 22 Mo. App. 397.

*——: definition: contractor and subcontractor: contract.*

It is thus seen that under the statute already quoted a materialman may be an original contractor where he furnishes material under a contract with the owner. And not only this but that if he furnish materials to the contractor under a con-

tract with him that he is entitled to a mechanics' lien therefor. Accordingly, we must hold that a contractor, within the meaning of our mechanics' lien statute, is not confined to one who furnishes labor alone, or labor and materials under a contract with the owner, but includes as well one who furnishes materials only under a contract with the owner. And that a subcontractor, within the meaning of such statute, is not solely one who furnishes labor alone, or labor and materials under a contract with the original contractor, but includes one who furnishes materials only under a contract with the original contractor. A subcontractor can, of course, have no lien for materials not called for in the original contract.

Under the provisions of the statute the subcontractor is placed on the same footing as the contractor, in respect to his power to purchase materials on the credit of the building into which they are to be wrought. Lumber Co. v. Lumber Co., 72 Mo. App. 248. One who furnishes materials to an original contractor under a contract with him, under the statute is as much a subcontractor as if he had furnished labor alone, or both labor and materials. The practical construction given the statute by the appellate courts of this state in a great number of cases has been to the effect that whether one furnish material or labor, or both, under a contract with the original contractor, he has been alike regarded as a subcontractor entitled to a lien. Hassett v. Rust, 64 Mo. 325; Fruin v. Furniture Co., 20 Mo. App. 313; Gauss v. Hussmann, 22 Mo. App. 115; Miller v. Whitelaw, 28 Mo. App. 639; Bambrick v. Webster Groves Ass'n, 53 Mo. App. 225; Cahill v. Elliott, 54 Mo. App. 387; Lumber Co. v. Oliver, 65 Mo. App. 435. Section 6757 of the statute relating to liens of contractors, materialmen and laborers against railroads expressly recognizes that one may be a subcontractor either for labor or materials furnished.

Since the statute quoted at the outset places the subcontractor on the same footing as the contractor in respect to his

——: subcontractor: purchasing material. power to purchase materials on the credit of the building in which they are designed to be wrought, it therefore follows that one who furnishes material to a subcontrator of the kind which such subcontractor had agreed to furnish the original contractor, and which are specified in the contract with the owner, and are used in the building, he is entitled to a lien.

But it is argued that this construction of the statute bears too hard on the owner of the building. We do not think this is so. The owner has it in his power to detain the contract price of the building while there are outstanding charges against it, or to stipulate for ample security against those that may afterwards turn up; and if he use common business prudence, any loss which occurs will eventually fall on the author of it. If he does not take this precaution he ought not to be allowed to charge the materialman or the laborman with the consequences of his own imprudence. There are authorities, many of which are cited in the defendants' brief, which seemingly support his contention; but, in view of the construction placed on the provisions of our mechanics' lien statute by our supervisory courts, to these we can pay no heed. It therefore must inevitably result that the plaintiff who furnished Buckner, the subcontractor, the mill work which was called for in his contract with Gordy & Son, and in that of Gordy & Son with the owner and which went into the building, was, as the trial court found, entitled to a lien.

It is further contended by defendant that the plaintiff did not make the sale relying upon the security afforded by a mechanics' lien. The facts which the evidence ——: sale of material: credit to the building. tends to prove are quite ample to raise the presumption that the plaintiff in furnishing the material for the building relied on the lien given by statute for his benefit. McAdow v. Sturtevant, 41 Mo. App. 220; Lumber Co. v. Lumber Co., *ante;* Cahill v. Elliott, 54 Mo. App. 387; Lumber Co. v. Hoos, 67 Mo. App.

264. The trial court, we think, did not err in rejecting the theory upon which defendants, by their instructions, requested a consideration of the case by it.

The judgment will accordingly be affirmed. All concur.