In re HELLAMS.

(District Court, S. D. Alabama. April 5, 1915.)

No. 1268.

1. CONTRACTS ⊂⊃212—TIME OF PERFORMANCE—WHEN TIME IS NOT SPECIFIED—"REASONABLE TIME."

When a contract specifies no time of performance, a reasonable time is implied, and what constitutes a "reasonable time" depends on the circumstances of the particular case.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 944–955; Dec. Dig. ⊂⊃212.

For other definitions, see Words and Phrases, First and Second Series, Reasonable Time.]

2. CONTRACTS ⊂⊃214—CONTRACTS FOR BUILDING MATERIALS—TIME FOR PAYMENT.

Where a written contract to furnish certain materials to a contractor for a building for a gross sum did not specify when such sum should be paid, it did not become due and payable until full performance of the contract by delivery and acceptance of the last of the material.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 980–995; Dec. Dig. ⊂⊃214.]

3. CONTRACTS ⊂⊃171—"ENTIRE CONTRACT."

An "entire contract" is one the consideration of which is entire on both sides.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 754–757; Dec. Dig. ⊂⊃171.

For other definitions, see Words and Phrases, First and Second Series, Entire Contract.]

4. WORDS AND PHRASES—"DEBT."

A "debt" is a sum of money due by contract, express or implied, and it has accrued when it has ripened into a vested right, an available demand, or an existing cause of action.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Debt.]

Appeal from Order or Decree of Referee.

In the matter of J. E. Hellams, bankrupt. On review of order of referee disallowing claim of the T. J. Rossell Manufacturing Company to a mechanic's lien. Reversed.

Bestor & Young, of Mobile, Ala., for appellant.
Carl McMahon, of Mobile, Ala., for appellee.

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

TOULMIN, District Judge. The question in controversy certified by the referee for consideration and decision by the court is whether or not the claimant, the T. J. Rossell Manufacturing Company, complied with the requirements of the statutes of Alabama necessary to give it the lien claimed by it in this case. The claim is one for priority of payment for material furnished by claimant under a contract with the bankrupt to be used, and that was used, in the construction of a building by said bankrupt. The referee decided in favor of the trustee, who contested said claim, and disallowed the lien claimed, holding that the lien was not filed within four months after the debt accrued, as required by the state statute.

The important—indeed, the main—question to be determined in this case is: When did the debt, on which the lien is claimed for its prior payment, accrue? The claimant, T. J. Rossell Manufacturing Company, and J. E. Hellams (the bankrupt), who was the contractor and builder of a residence for F. M. Ladd, of Mobile, Ala., made a contract in words and figures as follows, to wit:

"Mobile, Ala., Aug. 16, 1912.

"Mr. J. E. Hellams, Mobile, Ala.—Dear Sir: We will furnish all mill work for the residence of Mr. F. M. Ladd, of Mobile, Alabama, as per plans and specifications, for the sum of twenty-seven hundred and eighteen ($2,718.00) dollars f. o. b. Mobile, Ala. This estimate includes all lattice for upper and lower rear galleries, also sash weight and cord, but does not include corner boards or ceiling; doors in foundation six frames for basement are to be omitted, but sash for same are to be furnished.

"Respectfully,                                    T. J. Rossell Mfg. Co.
                                                              "Byrd Enochs, Pres.

"Accepted:          J. E. Hellams."

[1] The contract specified no time for or within which the material contracted for was to be furnished. By the failure to specify a time, the performance of the contract within a reasonable time was implied, and what was a "reasonable time" depends upon the circumstances of the particular case. Allegheny Valley Brick Co. v. Raymond Co., 219 Fed. 477, 135 C. C. A. 189. When no time is specified for the performance of a contract, the law presumes that its performance was intended within a reasonable time. Henley v. Bush, 33 Ala. 636; Skinner v. Bedell's Adm'r, 32 Ala. 44; 1 Vol. Brick. Dig. p. 397.

[2, 3] Neither does the contract specify the time the amount agreed to be paid for the material to be furnished was to be paid. No specific time for such payment being fixed, and the contract being an entire contract, the sum to be paid as therein provided was not due and payable until a completion of the contract by the delivery by the claimant and acceptance by the contractor, Hellams, of said material. An entire contract is one the consideration of which is entire on both sides.

The entire fulfillment of the promise by Rossell Manufacturing Company to furnish the material mentioned in the contract as per plans and specifications was a condition precedent to the implied promise by J. E. Hellams to pay the sum of $2,718 named in the contract. Whenever there is a contract to pay a gross sum for a certain and definite consideration, the contract is entire. The contract between the parties being entire, it required the complete fulfillment of both sides—by Rossell Manufacturing Company furnishing all the material

required by the contract, and its acceptance by J. E. Hellams. When this was done, the contract was completed, and Rossell Manufacturing Company had the right to demand payment for the material delivered. 1 Brickell's Dig. 393; Kirkland v. Oates, 25 Ala. 465; Petty v. Gayle, 25 Ala. 472; Wolfe v. Parham, 18 Ala. 441; Wilfley v. New Standard Concentrator Co., 164 Fed. 421, 90 C. C. A. 543.

[4] The debt, in my opinion, then accrued. It came into existence as a right, and became vested. A debt is a sum of money due by contract, express or implied, and it has accrued when it has ripened into a vested right, an available demand, or an existing cause of action. This vested right, in my judgment, accrued to the claimant on August 16, 1913, being, as I understand from the evidence, the date on which the last material which was accepted by the contractor was put into the building for which it was furnished.

It appears from the evidence that some parts of the material furnished by the claimant were on two occasions condemned, and acceptance refused by the architect, as not being in compliance with the specifications. The condemned material was, however, put into the building temporarily until claimant could deliver material which would be in compliance with the specifications and acceptable to the architect. Subsequently material in accordance with the specifications was delivered on the job, accepted, and installed in the building in the place of the condemned material, which had been temporarily used. The accepted material, consisting of glass as being up to the specifications, was delivered under and in pursuance of the terms of the contract, to take the place of the condemned glass that was delivered prior to March 31, 1913, and there was no extra charge made by claimant therefor.

In the case of Great Western Manufacturing Company v. Burns & Company, 59 Mo. App. 391, the court said:

"The indebtedness accrued when it came into existence as a completed obligation owing by defendant to the plaintiff, for a debt to accrue is nothing more nor less than for it to exist in a complete form. * * * When the purchase of property, accompanied by delivery, occurs, the indebtedness accrues and becomes fixed when the delivery is made."

Rossell Manufacturing Company's failure to deliver some part of the material, not accepted by the purchaser, Hellams, as not in compliance with the specifications of the contract, was a matter of which only said purchaser could take advantage, and if the purchaser "elects to stand to the contract, he may do so." He may, if he elects to, overlook the seller's fault or failure, and the contract, as a matter of course, remains unimpaired." 59 Mo. App. 391, supra.

The evidence does not show that the said failure of claimant to furnish some parts of the material which was not acceptable to the contractor was intentional, and there is no evidence that Contractor Hellams claimed the contract with Rossell Manufacturing Company breached, or claimed any damage as arising from said alleged failure, or for the delay in delivering the material which was accepted by the architect and contractor as being in compliance with the specifications.

And the evidence shows that said material was delivered under and in pursuance of the terms of the contract.

When the last material was delivered and accepted, the contract was completed, and the indebtedness therein provided for accrued. Cutliff v. McAnally, 88 Ala. 507–509, 7 South. 331. All the material delivered and accepted was installed in the building and the contract completed on August 16, 1913, on which date the court finds the indebtedness of J. E. Hellams to claimant accrued, and the claimant's right to file the statement required by law to fix its lien as claimed arose.

And the court further finds that on November 1, 1913, claimant, in order to fix its lien, filed a statement in the probate court of Mobile county, containing the necessary allegations, and in form required by section 4758 of the Code of Alabama of 1907, and on November 13, 1913, claimant filed in the law and equity court of Mobile county, a court of competent jurisdiction, its original bill of complaint in equity against said owner, F. M. Ladd, and said bankrupt contractor, J. E. Hellams, claiming the sum of $1,596.04, and seeking a materialman's lien on said residence therefor, as required by law.

The order of the referee denying the petition for a rehearing is affirmed, and his decree disallowing the lien claimed by Rossell Manufacturing Company is reversed and remanded, with directions to the referee to allow the lien claimed on the balance due claimant. And it is so ordered.