CATRON, *Appellant*, v. LAFAYETTE COUNTY.

### Division One, November 26, 1894.

125   67
 77a 282
125   67
 89a 668
125   67
 94a 5479

1. **Judgment on Contract:** INTEREST. All judgments for money upon contracts bearing more than six per cent. interest shall bear the same interest borne by such contracts. Revised Statutes, 1889, sec. 5974.

2. ——: ——. In order that a judgment upon a contract should bear interest, it is not necessary that the court delivering the judgment should so say and make such statement a part of the judgment, but the amount of interest the judgment bears may be learned by ascertaining from the record what rate the contract bore.

3. ——: ——: EXECUTION. It is the duty of the clerk in issuing execution ·upon a judgment on a contract to look to the record to determine the legal effect of the judgment.

4. ——: ——.· Where a contract provides for compound interest a judgment on it will bear the same interest.

5. ——: EXECUTION: COUNTY PROPERTY: EXEMPTION. Although a county poorhouse and farm are exempt from execution under Revised Statutes, 1889, section 4904, the judgment of the trial court quashing an execution on a judgment against a county because levied on such property will be reversed on appeal, where there is nothing in the record in the appellate court to show that the levy was made upon the same.

*Appeal from Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

REVERSED.

*Wash Adams* for appellant.

(1) Having a judgment against Lafayette county, plaintiff had the right to execution thereon. R. S. 1889, sec. 4895. Sections · 4904, 4905, Revised Statutes, 1889, provide that certain property belonging to a county shall be exempt from execution. What sense would there be in such a statute provision if no exe-

cution at all could be issued against a county? Whatever the law may be elsewhere, in this state the right to execution in one having a judgment against a county is a statutory right. Judgments at common law bore interest, but that interest was not collectible by execution on the judgment; it could only be collected by action of debt. Freeman on Judgments [4 Ed.], sec. 441; *Watson v. Fuller*, 6 Johns. 283. Our statute has remedied the defect of the common law. (2) The judgment bears compound interest because the bonds upon which it was rendered bore compound interest. Gen. Stat. 1865, sec. 3, p. 401; R. S. 1879, sec. 2725. No question was made that the bonds in suit bore compound interest; indeed the record in the case reported in 106 Mo. 659, which the bill of exceptions makes part hereof, shows that compound interest was computed and paid on the bonds by the defendant for eight years. This construction that the bonds bore compound interest was placed on the bonds by the parties themselves and they are bound by it. *Chicago v. Sheldon*, 9 Wall. 50; *Topliff v. Topliff*, 122 U. S. 121. It was held by this court that they bore compound interest. *Catron v. Lafayette Co.*, 106 Mo. 670. (3) It was not necessary to specify compound interest in the judgment itself. *Evans v. Fisher*, 26 Mo. App. 543; *State v. Vogel*, 14 Mo. App. 189; *Crook v. Tull*, 111 Mo. 283. The rule in this state (whatever it may be elsewhere) is well settled that a contract drawing a specified rate of interest before maturity bears the same rate after maturity until paid. *Borders v. Barber*, 81 Mo. 636; *Briscoe v. Kinealy*, 8 Mo. App. 84.

*William Aull* for respondent.

(1) The "poorhouse and farm" of Lafayette county was not subject to levy under execution. The

proper remedy was *mandamus.*    High. Ext. Leg. Rem.
[2 Ed.], secs. 93, 238, and notes; *Gooch v. Gregory,*
65 N. C. 142; *Lutterloh v. Co.,* 65 N. C. 403; *Covington Co. v. Dunklin,* 52 Ala. 277; *Commissioners v. Moore,* 53 Ala. 25; *Lyle v. St. Clair Co.,* 3 McLean
(C. C.), 580; *People v. Supervisors,* 28 Cal. 431;
*Randolph v. Ralls,* 18 Ill. 29; *King v. McDrew,* 31 Ill.
418; *Hart v. Burnett,* 15 Cal. 586; *Schaffer v. Cadwallader,* 36 Pa. St. 126; 4 Am. and Eng. Encyclopedia of Law, p. 372, and notes; *Louisiana v. U. S.,*
103 U. S. 289; *Ralls Co. v. U. S.,* 105 U. S. 733;
*Warren v. Mayor,* 23 Iowa, 351; *Alton v. Trust Co.,*
12 Ill. 38; *Sharp v. County,* 34 Cal. 284; *Emerick v. Gilman,* 10 Cal. 404; *Ranson v. Boal,* 29 Iowa, 68;
Const. Mo., art. 10, sec. 6; R. S. 1889, sec. 4904.
(2) A judgment rendered upon a compound interest
contract does not bear compound interest. At common
law interest was not allowed in any case. The term
was synonymous with usury and was a punishable
offense.    Abbott's Law Dict.; 2 Blk. Comm., 454;
Viner's Abridgment, title "Interest," (c) sec. 7; Chitty
on Contracts, sec. 385; *Pekin v. Reynolds,* 31 Ill. 529;
*Houghton v. Page,* 2 N. H. 42; 11 Am. and Eng.
Encyclopedia of Law, p. 379.    Compound interest was
not allowed by statute in Missouri when the contract in
controversy was made.    R. S. Mo. 1865, p. 401, sec.
2; R. S. Mo. 1865, p. 401, secs. 3, 6.    The statute
regulating interest is in derogation of the common law
and must be strictly construed.    *Raun v. Reynolds,* 11
Cal. 19; *State v. Clinton,* 67 Mo. 380; Sedgwick on
Constr.    Stat. Law, 274.    Section 3 provides that
judgments shall bear the same interest as the contract,
but does not provide that the method of computation
(interest upon interest) shall also be included in the
judgment.    *Raun v. Reynolds,* 11 Cal. 19; *Evans v. Fisher,* 26 Mo. App. 543; *Crook v. Tull,* 111 Mo.

283; Black on Judgments, sec. 981; *In Re Fuller*, 1 Sawyer, 243; *Pinkney v. Laughlin*, 2 Hill (S. C.), 343; *Wheaton v. Pike*, 9 R. I. 132; 11 Am. Rep. 227.

BRACE, J.—This is an appeal from a judgment of the circuit court of Lafayette county quashing a writ of execution issued on a judgment in favor of the appellant against the respondent, rendered in said court on the twenty-ninth day of October, 1887, for the sum of $8,811.36, on which the respondent on the twenty-first day of November, paid the sum of $12,392.19, being the amount of the face of the judgment with ten per cent. simple interest thereon from the date thereof. The rate of interest which the judgment should bear was not stated in the judgment.

I. The bonds upon which the judgment was recovered, were issued in 1867, bearing interest at the rate of ten per cent. per annum, to be annually compounded.

Our statute provides that all judgments for "money upon contracts bearing more than six per cent. interest shall bear the same interest borne by such contracts and all other judgments for money shall bear six per cent. per annum." R. S. 1889, sec. 5974; R. S. 1879, sec. 2725.

In *State v. Vogel*, 14 Mo. App. 187, it was held that "in order that the judgment should bear interest, it was not necessary that the court delivering the judgment should say so and make this statement a part of the judgment, because the statute expressly provides that every judgment shall bear interest. In order to determine the amount of interest which the judgment bears, if the judgment is upon contract, it is only necessary to ascertain from the record what interest the contract bore. * * * It is not only the right, but

the duty of the clerk, to look to the record in issuing execution to determine the legal effect of the judgment."

This ruling was followed in *Evans v. Fisher*, 26 Mo. App. 541, and approved by this court in *Crook v. Tull*, 111 Mo. 283. And this construction of the statute, evidently correct, may now be considered settled law. The clerk in this case looking at the record found that the contracts upon which the judgment was rendered bore interest at the rate of ten per cent. per annum compounded annually; that the amount paid on the judgment lacked $594.53 of discharging the same when the interest was thus computed in accordance with the terms of the contract, and issued the execution for that amount which was quashed by the court.

It is not disputed that the execution is for the proper amount when the interest on the contract is thus computed; nevertheless it is insisted that the judgment will not sustain an execution for that amount. The only reason assigned for this contention is that statutes allowing interest being in derogation of common law are to be strictly construed, and that in *Raun v. Reynolds*, 11 Cal. 19, the supreme court of that state under the stress of that canon of construction, in construing a similar statute allowing parties to agree in writing for an unlimited rate of interest, by very ingenious, but as it seems to us rather specious, reasoning, founded entirely upon the particular wording of that statute, held that interest upon a judgment could not be compounded. The wording of our statute is different, and will not support that reasoning. Its meaning is plain and obvious, and leaves no room for the application of that canon of construction, and this contention has, really, nothing to stand upon.

II. The execution was levied upon certain real estate described in the sheriff's return, and it is stated in that part of the brief of counsel for respondent headed "abstract of record," that "this execution was levied as shown by the return on property of defendant, being the 'public poorhouse and farm' in said county." The return of the sheriff as set out in the transcript of the record, and in appellant's abstract shows nothing of the kind, nor does it appear anywhere else in the record. If this fact had been made to appear on the hearing of the motion, it would have afforded good ground for *quashing the levy*, such property being exempt therefrom (R. S. 1889, sec. 4904, and authorities cited by counsel for respondent), and thus the whole force and effect of the execution could have been neutralized. But as in this state every party in whose favor any judgment is rendered may have an execution in conformity therewith (R. S. 1889, sec. 4895), and as the execution in this case conformed to the judgment, there was no ground for *quashing the execution*. The judgment of the circuit court will, therefore, be reversed. All concur.