### FANNING v. DOAN, *Appellant.*

#### Division One, November 15, 1898.

1. **Appeals**: NEW TRIAL: SCOPE.  When a cause is remanded by this court with special directions, the jurisdiction of the lower court is limited to the precise action which it is authorized by the mandate to take.

2. ——: ——: ——: DETAILS.  But where the mandate directs the entry of a statutory judgment in ejectment, it is unnecessary that it set out the form of such judgment or that all its details be inserted therein.

3. ——: ——: ——: EJECTMENT: RENTS.  The mandate on a former appeal in this case, which is an action in ejectment, directed the lower court to enter judgment in favor of plaintiff for an undivided one fifth of the land.  *Held* that the trial court did not err in permitting, after the receipt of the mandate, an ascertainment and assessment in plaintiff's behalf of the damages, rents and profits he had sustained by the wrongful withholding of the premises by defendant, as this was plainly intended to be included in the directions given to the lower court.

*Appeal from Grundy Circuit Court.*—HON. PARIS C. STEPP, Judge.

AFFIRMED.

*Harber & Knight* for appellant.

The court had no authority to do other than to carry into execution the judgment of this court; the judgment of this court being that the lower court

enter judgment in favor of the plaintiff for one undivided fifth of the premises described in the petition. No matter was left it for judicial examination or determination, and that *nisi prius* court had no power or authority to do other than to carry out the judgment of this court.   *Reese v. McDaniel*, 131 Mo. 681; *Young v. Thrasher*, 123 Mo. 308; *Pitkin v. Shacklitt*, 117 Mo. 547; *Stump v. Hornbach*, 109 Mo. 272; *State ex rel. v. Givan*, 75 Mo. 516; *Chouteau v. Allen*, 74 Mo. 59; *Shroyer v. Nickell*, 67 Mo. 589; *Hurc v. Erkson*, 50 Mo. 116; *Smith v. Adams*, 130 U. S. 167; *Moore v. Fletcher*, 114 U. S. 127; Black on Judg., sec. 34; *Gamble v. Gibson*, 19 Mo. App. 531; *Connor v. Pope*, 23 Mo. App. 344; *McIntyre v. McIntyre*, 24 Mo. App. 166; *State ex rel. v. Anthony*, 65 Mo. App. 543; *Pomery v. Benton*, 77 Mo. 64.

*A. H. Burkenholder* and *Hall & Hall* for respondent.

It was the duty of the trial court to assess the damages and monthly value of the rents, and profits of the premises, as an incident to, and a part of the rendition of the judgment under the direction of this court.   R. S. 1889, secs. 4638, 4640 and 4641; *Lee v. Bowman*, 55 Mo. 400; *Stump v. Hornback*, 109 Mo. 272.

WILLIAMS, J.—This case is here for the third time.

It is an action of ejectment.

Upon the last appeal the' judgment below was reversed "and the cause remanded to the circuit court with directions to enter up judgment in favor of the plaintiff for the undivided one-fifth of the premises described in the petition." *Fanning v. Doan*, 139 Mo. *loc. cit.* 416.

When the case came up again in the circuit court, the mandate of this court was presented, and plaintiff asked that judgment be rendered, awarding him possession of an undivided one-fifth of the land, and, as incident thereto, that the damages, rents and profits be assessed and included in said judgment. The defendant interposed an objection to the assessment of damages, rents and profits, on the ground that the trial court had no power to do anything in the case beyond that which it was directed to do by this court; that its jurisdiction was limited to entering judgment in the manner and form prescribed in the mandate, which only authorized a judgment for *possession* of the *land*. This was overruled. A jury was empaneled, evidence introduced, and the damages together with the future rents and profits were fixed by the verdict. Judgment was then rendered in plaintiff's favor for the recovery of an undivided one fifth of the premises described in the petition, and also for the damages, rents and profits assessed by the jury. The defendant has appealed, and assigns as error here, the action of the trial court to which she objected as above stated.

The principle contended for by appellant is correct; its application is erroneous. It is undoubtedly true that when a cause is remanded by an appellate tribunal with special directions, the jurisdiction of the lower court is limited to the precise action which it is authorized by the mandate to take. It can not go beyond its "special power of attorney." *Stump v. Hornback*, 109 Mo. 272.

We do not think the rule was violated in the case at bar. This court did not undertake upon the last appeal to set out the proper *form* of the judgment to be entered or to go *into details* as to its terms. It was held that plaintiff was entitled to recover an undivided one-fifth of the land described in the petition.

The cause was remanded with directions to enter a judgment in his favor therefor. It is an ejectment suit and the statute declares what the judgment shall be, and prescribes what it shall contain. If plaintiff prevails in ejectment the language of the statute is: "The judgment shall be for the recovery of the premises, the damages assessed and the accruing rents and profits, at the rate found by the jury, from the time of rendering the verdict until the possession of the premises is delivered to the plaintiff." R. S. 1889, sec. 4641; see, also, secs. 4638 and 4640. The plain meaning of the mandate is that a statutory judgment in ejectment should be entered in favor of plaintiff for an undivided one-fifth of the land, which this court held he was entitled to recover. Authority was conferred upon the lower court to take such incidental steps as were necessary to carry the mandate into execution. *State ex rel. v. Edwards,* 144 Mo. 467; *Chouteau v. Allen,* 74 Mo. 56; Finkelnburg's Appellate Practice, 118. This is all that was done. Every step taken by the lower court was essential to the rendition of a proper judgment under the former opinion and order of this court, remanding the case.

The statute says, as above stated, that if the plaintiff prevails in an action of ejectment the damages shall be assessed and the judgment shall include the same, as well as the rents and profits from the time of the verdict until possession is delivered. When this court decided that plaintiff was entitled to the land sued for and sent the case back for the entry of a judgment in the ejectment suit in his favor, the lower court was empowered to enter such a judgment as is provided by the statute in such cases, and it had the right to do whatever was necessary for that purpose.

BRACE, P. J., in *State ex rel. Bauer v. Edwards,* *supra,* in answer to a complaint, upon a second appeal,

that the trial court had gone beyond its jurisdiction in assessing attorney's fees, etc., in a tax suit when the only direction given by the Supreme Court upon the first appeal was to enter judgment for the taxes, said: "For authority to do so, it was not necessary that the mandate should have specifically mentioned interest, collector's fees, attorney's commissions, or any other items, liability for which under the law necessarily resulted from the liability for the taxes for which judgment was directed to be entered. These followed as a matter of course, and were as well within the scope and meaning of the mandate as the principal sum."

We think the circuit court correctly construed the mandate, and find no fault with its action.

The judgment is affirmed. All the judges of this division concur.