RUFUS RYAN, Respondent, v. JOHN BRADBURY, Appellant.

Kansas City Court of Appeals, June 3, 1901.

1. **Execution: MOTION TO QUASH: HUSBAND AND WIFE: EVIDENCE.** On a motion to quash an execution, an offer in evidence by the defendant of the execution with the return thereon and a deed from a stranger to the defendant's wife for the land on which the levy was made, supplemented with an offer to show that the defendant and his said wife with their children were living on the land and that the defendant had no interest therein save that as husband, was properly refused.

2. ———: ———: ———: **DEBTOR AND CREDITOR: EQUITY.** Though the legal title to land be in the wife alone, yet the husband may have substantial interest therein which a creditor could subject to sale, and after purchase established in a court of equity.

3. ———: ———: ———: ———: **CONVEYANCE: CONSIDERATION.** A transfer of a title to a married woman in the absence of evidence that the wife purchased with her own separate means, raises a presumption that the husband furnished the purchase price, and in the face of such unrebutted presumption, the court will not quash an execution levied on such land by the husband's creditor, since under the deed a trust results in the husband's favor for the benefit of his creditor.

4. ———: ———: ———: **AVERMENT: EVIDENCE.** Though there be in a motion to quash no allegation that the wife acquired the legal title during coverture, yet, where the defendant's offers of evidence proceed on that theory, he can not raise the question of such allegation.

Appeal from Barton Circuit Court.—*Hon. H. C. Timmonds,* Judge.

AFFIRMED.

*Thurman, Wray & Timmonds* for appellant.

(1)   The execution and return sought to be quashed was certainly admissible in evidence.   There was no other way by which appellant could show that the property claimed by him to be exempt from levy and sale, had in fact been levied upon by the sheriff.   Catron v. Lafayette Co., 125 Mo. 67.   (2) The interest of the appellant in his wife's real estate was levied on by the sheriff for the purpose of paying his sole debt.   The levy was upon "all the right, title, interest and claim" of appellant in the real estate of his wife in which he had no other interest than his marital interest.   This fact he offered to prove, but the court refused to hear any testimony on the subject.   If this was the fact, and it stands admitted in the record for the purposes of this case, such interest is expressly exempt from levy on attachment or execution.   R. S. 1899, sec. 4339; White v. Dorris, 35 Mo. 181; Hale v. Coe, 49 Mo. 181; Buck v. Ashbrook, 59 Mo. 200.   The exemption of the husband's interest in the wife's real estate provided for in section 4339, Revised Statutes 1899, is just as much exempt from levy as wearing apparel, and mechanics' tools, etc.   White v. Dorris, 35 Mo. 181.   (3)   It can not be said that a motion to quash the levy is not the proper remedy of appellant, when his interest in property is levied on, which is exempt from execution.   A motion to quash levy when made on property exempt from execution is the well-recognized practice in this State.   Shacklett v. Scott, 23 Mo. App. 322; Catron v. Lafayette Co., 125 Mo. 67; Blandon v. Martin, 50 Mo. App. 114.

*R. J. Tucker* and *Cole, Burnett & Moore* for respondent.

(1) When property is deeded to the wife during cover-ture, the presumption of law is, that it was paid for with the means of her husband; and such property is not within the protection of the statute. Sloan v. Torry, 78 Mo. 625, 626; McClain v. Abshire, 63 Mo. App. 339; Hoffman v. Nolte, 127 Mo. 134; Patton v. Bragg, 113 Mo. 601; Crook v. Tull, 111 Mo. 290; Bucks v. Moore, 36 Mo. App. 537; McFerran v. Kinney, 22 Mo. App. 558; Schooler v. Schooler, 18 Mo. App. 78, 79; Garrett v. Wagner, 125 Mo. 461. (2) Section 4339, Revised Statutes 1899, has no application to this case. Webster, title "Acquire"; 1 Rapalje & Lawrence's Law Dict., title "Acquisition"; 1 Bouvier, title "Acquire." The offer of proof did not enlarge appellant's rights. White v. Chaney, 20 Mo. App. 389, 397; Halpin v. School District, 54 Mo. App. 376; Madison v. Mining Co., 65 Mo. App. 567; Crawford v. Aultman, 139 Mo. 271. (3) It is certainly unnecessary to dwell at length upon the right of a judgment creditor to sell the debtor's interest in land held in the name of another, and then clear the title by a suit in equity. Such tenure constitutes a resulting trust. Garrett v. Wagner, 125 Mo. 463; Slattery v. Jones, 96 Mo. 221.

SMITH, P. J.—This is an appeal by the defendant from a judgment on a motion to quash an execution. The case presented by the record appears to be this: The plaintiff had a judgment against the defendant on which an execution was issued and levied on a 160-acre tract of land as the property of the latter. The defendant filed a motion to quash the levy on the ground that the legal title to the land was in Kate Bradbury, the wife of the defendant, and that the interest of the defendant therein was not subject to sale under said exe-

cution levy; that said land was conveyed to the said Kate Bradbury by good and sufficient deed executed to her by Robert C. Smith, who was at the time of the execution of the said deed seized of the legal title therein.

At the hearing on the motion, the defendant, to sustain the allegations thereof, offered in evidence the execution, the sheriff's return thereon and the deed duly recorded, from Robert C. Smith to Kate Bradbury, purporting to convey to her the land described in the levy, supplemented with an offer to prove that defendant was the husband of Kate Bradbury; that they had living children born of said marriage; that said Kate Bradbury was the person who was named in said deed as grantee; that defendant and said Kate Bradbury were living on the land levied on and that the only interest the defendant has or claimed therein was that of husband, and none other. The court rejected these offers and properly so, as we think.

Of course no court will permit the abuse of its final process. And where it is made to appear that a levy has been made on property not subject to sale, as for example, where an execution against a county, a courthouse or poorfarm has been levied on—Catron v. County, 125 Mo. 167—such levy will be quashed. But where the execution is against the husband and the levy is on the wife's realty, the court issuing the execution would not ordinarily quash such a levy. Though as far as is disclosed by the record of land titles, the legal title may appear to be in the wife alone, yet there may be extrinsic evidence in existence showing that the husband has substantial interests therein which the execution creditor would have the right to subject to sale under his execution levy. He would, in such case, have a right to acquire such interest by purchase at a sale under the writ and then go into a court of equity and have it declared and established by a proper decree of that court. No court would undertake to balk or hinder a creditor

in such an effort except in a case where it was made clear that the execution creditor was seeking to use the writ for a purpose not authorized by law.

In the present case, it appears, from the defendant's offers of proof, that the title to the subject of the levy was acquired by the wife during coverture. The deed is directly to her; not to her in her maiden name, but to her in that name by which she was known and identified as the wife of the defendant. The defendant's offer was to show that the person named as the grantee in the deed was his wife. As the name by which the defendant's wife was known after the marriage was Kate Bradbury, and as the deed conveyed the title to a person by that name, and as both persons were shown by the defendant's offer to be one and the same person, the inference is irresistible that the title so acquired was during coverture of the grantee.

It is true, there is nothing in the defendant's offers which tended to show that the consideration or any part thereof, for the transfer of the title from Smith to his wife, was paid by the defendant, but the rule is that where there is an absence of evidence that the wife purchased the property with her own separate means, the presumption is a *violent* one that the husband furnished the means of payment. Seitz v. Mitchell, 94 U. S. (loc. cit.) 583, and cases there cited; Garrett v. Wagner, 125 Mo. (loc. cit.) 461; Sloan v. Torry, 78 Mo. 625, and the other cases cited in plaintiff's brief. Even though it be disclosed by the defendant's offers that the legal title to the land levied on was in the defendant's wife, how could the court quash such levy in the face of the unrebutted presumption that the consideration for the transfer of such title was furnished by the defendant? Prima facie, the interest of the defendant in the land was not limited to a bare, an inchoate curtesy. Under the deed a trust resulted in his favor for the

benefit of his creditors. Bobb v. Woodward, 50 Mo. 101; Rankin v. Harper, 23 Mo. 579; Slattery v. Jones, 96 Mo. 216. In equity, the land as to creditors was his and it was not therefore within the protection provided by section 4339, Revised Statutes 1899.

The defendant objects that there is no allegation in his motion that at the time Mrs. Bradbury acquired the legal title to the land levied on she was his wife. It may be that this fact was not specially alleged in the motion, but whether it was or not the defendant himself offered proof of the fact, or proof of other facts, from which it was inferable, so that it is not for him to make that objection here.

While it is likely the execution and the return thereon might have with propriety been received in evidence, yet when coupled with the other offers, as they were, which could not be received since they did not tend to sustain the allegations of the motion, we think the offer in its entirety was properly rejected.

Accordingly, the judgment will be affirmed. All concur.