ROBERT MOORE, Appellant, v. JOHN STEMMONS et al., Trustees of the Methodist Episcopal Church (Colored), etc., Respondents.

Kansas City Court of Appeals, May 5, 1902.

1. **Judgments:** EXECUTION: SPECIAL VERSUS GENERAL. A judgment was against the defendant trustees of a church, in their representative capacity, to be satisfied out of the property of the church and that execution issue therefor. The execution conformed to the judgment: *Held*, they were general and not special, and authorized the making of the debt out of any property of the society held by the defendants in their representative capacity.

2. ———: ———: LEVY: QUASHING. Where an execution is levied on property not subject to execution, the levy will be quashed.

3. **Parties:** CHURCH ASSOCIATION: TRUSTEES: JUDGMENT: EXECUTION. Where the record fails to show that the defendant

trustees are not the only necessary parties, the appellate court can not quash the levy of the execution on the ground that interested parties were not before the court.

4. ———: JUDGMENT: EXECUTION: TRUSTEES. Where the trustees of a church are the only defendants, the execution of the judgment by the sale of the church property will not affect the interest of the members of the church beyond that held in the trustees.

5. Equities: PARTIES: LAW: TRUSTS AND TRUSTEES. Where *cestuis que trustent* are numerous, equity will allow the bringing in of one or more as presenting the aggregate body, but this is not allowable at law.

Appeal from Jasper Circuit Court.—*Hon. J. D. Perkins,* Judge.

REVERSED AND REMANDED.

*R. D. Calkins* for appellant.

(1) The right parties were sued. (a) Because the trustees under the deed had a fee simple title. "A trust with a power to sell confers a fee simple title." 27 Am. and Eng. Ency. Law (1 Ed.), notes on pages 112, 113, 114. Preacher's Aid Society v. England, 106 Ill. 125; Stockbridge v. Stockbridge, 99 Mass. 244; United Brethren Church v. First M. E. Church, 138 Ill. 608; Jackson v. Robin, 16 Johns. (N. Y.) 537; Siemers v. Schrader, 88 Mo. 20; Beck v. Haas, 111 Mo. 264; West v. Fitz, 109 Ill. 425. (b) Members of an unincorporated society may provide for trustees in whom their property may be vested and by whom and against whom suits pertaining to the business of the company may be prosecuted. Kuhl v. Meyer, 35 Mo. App. 206; Ibid, 42 Mo. App. 474; Ibid, 50 Mo. App. 648; Colley v. Wilson, 86 Mo. App. 401; Harris v. Wilson, 86 Mo. App. 420; 20 Am. and Eng. Ency. Law (1 Ed.), pp. 792, 793, 818, 822. (2) The judgment sought and recovered was a general judgment against the

trustees, as such, and could be satisfied out of any trust prop-
erty in their hands, hence, it was not necessary to describe
any property in the petition.     "Where trustees are authorized
by law or the terms of the trust to represent the *cestui que*
*trustent* in the action, the latter are bound by the judgment."
State ex rel. Wilson v. Rainey, 74 Mo. 234; 12 Am. and
Eng. Ency. Law (1 Ed.), p. 92; Whitford v. Crooks, 54 Mich.
261; Houck v. Cross, 67 Mo. 151; Corcoran v. Chespeak
Canal Co., 94 U. S. 741.     (3) Since defendants are the only
necessary parties, and they, and the property controlled by
them, are within the jurisdiction of the court, the court may
act *in rem* against the property and *in personam* as to them.
Harris v. Wilson, 86 Mo. App. 420.     (4) The attempt to
recite in the judgment the manner of enforcement and as to
what property execution should issue against, was surplusage
and did not affect the validity of the general judgment against
the defendants in their respective character.     Houck v.
Cross, 67 Mo. 151; State v. Vogel, 14 Mo. App. 187; Sim-
mons v. Craig, 137 N. Y. 550; 11 Enc. Pl. and Pr., p. 957.

*Shannon & Shannon* for respondents.

(1)   In an action at law to reach the trust estate the
*cestuis que trustent* are necessary parties.   Miller Lumber
Co. v. Oliver, 65 Mo. App. 435; 18 Enc. Pleading and Prac-
tice, p. 106, and notes; Mallory v. Clark, 20 How. Pr. (N.
Y.) 418; Prewett v. Land, 36 Miss. 495; 22 Enc. Pleading
and Practice, p. 175; Hauser v. Hoffman, 32 Mo. 340; Rogers
v. Rogers, 3 Paige (N. Y.) 379; Wakeman v. Groves, 4 Paige
(N. Y.) 23; Keller v. Bennett, 11 Iowa 530.     (2) The
general rule in equity is that all persons materially interested,
either legally or beneficially, in the subject-matter of the suit
should be made parties, and in cases of trust the general rule
is that the beneficiaries in the trust are necessary parties.
Williams v. Bankhead, 19 Wall. (U. S.) 563; 22 Enc. Plead-

ing and Practice, p. 175; Prewitt v. Land, 36 Miss. 495; Vorhis v. Gamble, 6 Mo. App. 1; White v. Watkins, 23 Mo. 423; Dillon's Admr. v. Bates, 39 Mo. 298; Sampson v. Mitchell, 125 Mo. 226.   (2) There was no jurisdiction of the *res*—the property owned by the church association and levied upon as shown by the sheriff's return.   Miller Lumber Co. v. Oliver, 65 Mo. App. 435; 17 Am. and Eng. Ency. Law (2 Ed.), p. 1065; Carr v. Lewis Coal Co., 96 Mo. 155. (3) "An execution upon a judgment or decree against trustees can not be made to run against trust property.   That can only be reached in absence of statute by a proceeding in chancery to which the *cestuis que trustent* are parties."   22 Enc. Pleading and Practice, p. 197.   (4) Judgments and decrees in equity without jurisdiction are void and may be attacked collaterally.   17 Am. and Eng. Enc. Law (2 Ed.), p. 1046. (5) An execution issued on a void judgment will be quashed. Ex parte James & Ray, 59 Mo. 280; Holzhour v. Meer, 59 Mo. 434; Ewing v. Donnelly, 20 Mo. App. 6.

SMITH, P. J.—This was an action on a promissory note in which the plaintiff was given a judgment to the effect that the "court finds that the allegations contained in said petition are true; that the defendants are indebted to the plaintiff in their representative capacity as trustees of the Methodist Episcopal Church (colored) of Carthage, Missouri, on the note sued on and executed to the plaintiff by their predecessors in said trust, in the sum of $166.52, debt and damages, and that the plaintiff is entitled to recover that amount from the defendants in their said representative capacity.   It is therefore considered and adjudged by the court that the plaintiff have and recover of and from the defendants in their representative capacity as aforesaid the sum of one hundred and sixty-six dollars and fifty-two cents, the debt and damages found and assessed by the court, with interest thereon from this date until paid, at the rate of ten per cent

per annum, together with the costs of this suit, to be satisfied out of the property of said church association and that execution issue therefor." And on which an execution was issued and levied on certain real property as that of the defendants.

The defendants filed a motion to quash it on the ground that the part of said judgment authorizing a special execution against the property of the society was void, since the court had no jurisdiction of all or any of its members, none of them having been made parties to the suit or served with process. This motion was by the court sustained, and judgment given accordingly, and plaintiff appealed.

The appeal has brought before us for review nothing but the record proper in the case, from which it appears that the judgment is but a general judgment in an action at law. It is true that there is a clause therein ordering the amount of the plaintiff's debt, damages and costs, to be satisfied out of the property of the said society, and that execution issue therefor, but this is in effect no more than a judgment that plaintiff have and recover against defendants in their representative capacity the debt, damages and costs found by it and have thereof execution. As no particular property is described in the special clause of said execution, nothing was therein commanded to be done that would not be included in the command of a general execution. The judgment itself did not order that the plaintiff's debt be satisfied out of any particular property, but out of any property of the said society which was held by the defendants in their capacity. The judgment and the execution, which is in conformity to it, were in their effect general and not special.

There is nothing in the record which tends to show that the issue and levy of the writ was an abuse of the final process of the court. Where it is made to appear that a levy has been made on property not subject to sale, the levy will be quashed. Ryan v. Bradbury, 89 Mo. App. 665; Catron v. Lafayette

County, 125 Mo. 67. But nothing of this kind is disclosed by the present record.

It is suggested that the owners of property out of which the judgment was ordered to be satisfied, were not parties to this action, and had not had their day in court, and therefore such judgment was void. The judgment was one *in personam* and not *in rem*. It can not be said that the judgment directs that it be satisfied out of any specific property belonging to strangers to it. There is nothing before us to show that the trustees were not the only necessary parties, or that requires us to look beyond them. The discipline of the society is not before us, nor is there anything tending to show that the individual members of the society have any interest in the property of the society, the legal title of which is in the defendants in their quality as trustees, which would pass by reason of any sale under the execution. Nor can we see that it would be an abuse of the final process of the court to permit the enforcement of the execution.

If the members of the society were strangers to the judgment, then an execution sale would not pass their interest in the property of the society, beyond that held in the trustees, but whether or not they have any such interest is a question we need not inquire into in a proceeding of this kind.

It has always been a rule of equity practice where the *cestuis que trustent* are numerous and it would be oppressive and inconvenient to compel plaintiff to make them all parties, one or more may be sued as representing the aggregate body. Bushong v. Taylor, 82 Mo. 660. But it is believed that no case can be found which authorizes this practice in actions at law except where there is a statute authorizing it to be done. Lumber Co. v. Oliver, 65 Mo. App. 435.

No sufficient reason has been seen for quashing the execution, and accordingly the judgment will be reversed and the cause remanded. All concur.