## *Ex parte* THE REPUBLIC OF COLOMBIA.

IN THE SUPREME COURT OF THE UNITED STATES.

PETITION FOR WRIT OF MANDAMUS TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF WEST VIRGINIA.

No. 13, Original.   Argued November 28, 1904.—Decided December 12, 1904.

Nothing in the decree of this court in *Colombia* v. *Cauca Co.*, 190 U. S. 524, prohibits the Circuit Court from allowing interest on the amount of the items allowed.

THE facts are stated in the opinion.

*Mr. William G. Johnson* for the Republic of Colombia, petitioner.

*Mr. John W. Beaumont,* with whom *Mr. Hugh L. Bond, Jr.,* and *Mr. J. Walter Lord* were on the brief, for the Cauca Company, respondent.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition for a writ of mandamus to the Circuit Court, ordering it to correct its decree entered in pursuance of the decision in *Colombia* v. *Cauca Company,* 190 U. S. 524.

The decree appealed from in that case confirmed an award against the Republic of Colombia after rejecting certain items, and ordered interest to be paid on the remainder from January 26, 1898, the date fixed for payment by the award. In this court other items of the award were disallowed and a decree was made reversing the decree below and remanding the case, "with directions to enter a decree confirming the award for and up to the sum of $193,204.02." The Circuit Court thereupon entered a decree for that sum, with interest from the above mentioned date. The giving of interest is the error alleged, and it is contended that by the proper construction of the decree of this court interest should not have been allowed.

Of course, the only question open in this proceeding is, whether the decree of this court prohibits the allowance of interest. *Re Sanford Fork & Tool Co.*, 160 U. S. 247. As to that it is to be noticed that nothing is said upon the subject either in the decree or in the discussion of the case. In the opinion, however, the items were treated as separate matters; "some of which," it was said, "may be disallowed without affecting the rest." The only ground suggested for reversal was the inclusion of the separable items. By confirming the award as to the others this court in effect declared that they should have been paid in gold coin of the United States of America, in the city of New York, on January 26, 1898, in accordance with the terms of the award. To that extent the decree below stood approved, and as no disapproval was expressed of the consequence attached by that decree to the failure to pay, it is impossible to say that there was any implied prohibition of again attaching the same consequence in the new decree. "The mandate and the opinion, taken together, although they used the word 'reversed,' amount to a reversal only in respect of the accounting, and to a modification of the decree in respect of the accounting, and to an affirmance of it in all other respects." *Gaines* v. *Rugg*, 148 U. S. 228, 238. This language is sufficiently applicable to be

instructive, although not absolutely in point. See also *Knee-land* v. *American Loan & Trust Co.*, 138 U. S. 509.

It may not be improper to add that when the Republic of Colombia made its voluntary submission to arbitration it agreed that, if the award was against it, in excess of a sum paid in advance, the Government should "pay the excess at such time, in such manner, and on such terms as may be determined by the Commission." Art. 10. See Art. 9. This language authorized the allowance of interest, and the first draft of the award gave interest at six per cent in case of failure to pay at the time fixed, allowing, on the other hand, a discount of five per cent for cash. Both of these provisions were omitted from the final award, which stopped with fixing the time. But when the Republic submitted itself to the courts it must be taken to have done so on the same terms as other litigants, so far as fixing the amount which it was to pay was concerned, that being the matter on which the action of the courts was invoked, it seems to us that it was competent for the Circuit Court to decree the payment of interest as in an ordinary case.

                              *Rule discharged. Petition denied.*