KALIHI JAPANESE LANGUAGE SCHOOL, BY TO-
MIZO TANEGAWA, AND PALAMA JAPANESE
LANGUAGE SCHOOL, BY SAICHIRO NAKA-
SHIMA, ON BEHALF OF THE OWNERS OF
SAID SCHOOLS, ETC., *v.* JOHN ALBERT MAT-
THEWMAN, ATTORNEY GENERAL OF THE
TERRITORY OF HAWAII, AND WILLARD E.
GIVENS, SUPERINTENDENT OF PUBLIC IN-
STRUCTION OF THE TERRITORY OF HAWAII.

No. 1543.

RESERVED QUESTIONS FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. F. ANDRADE, JUDGE.

ARGUED MAY 21, 1924.                    DECIDED JUNE 10, 1924.

PETERS, C. J., PERRY AND LINDSAY, JJ.

ASSOCIATIONS—*actions—who may sue.*

In the absence of an enabling statute an unincorporated asso-
ciation cannot sue or be sued in its common or associate name.

SAME—*same—amendment.*

The designation of an unincorporated association as petitioner
is a procedural defect and not one of substance and the court
upon proper application therefor should permit an amendment.

OPINION OF THE COURT BY PETERS, C. J.

This is a suit in equity brought by the Kalihi Japanese
Language School and the Palama Japanese Language
School to restrain the attorney general and superintend-
ent of public instruction from enforcing the provisions
of Act 36, S. L. 1920, upon the grounds that the same, and
each section thereof, is invalid and unconstitutional as
contrary to the provisions of Articles V and XIV of the
Amendments of the Constitution of the United States and
Article 1 of the Treaty of Commerce and Navigation
entered into between the United States and Japan, pro-

claimed April 5, 1911, and arbitrary, confiscatory, unreasonable and oppressive.   The cause was reserved to this court upon the amended bill and demurrer thereto and the following questions propounded for its opinion:

"1.   Can either of the above named petitioner schools bring or maintain said bill, either alone or in conjunction with the other, in its name or by the individual purporting or alleged to be authorized, empowered and directed by it to institute and carry on these proceedings in its name or on its behalf?

"2.   Should said demurrer be sustained upon the first ground therein set forth?

"3.   If the court concludes that the petitioner schools cannot bring or maintain said bill as brought or that said demurrer should be sustained upon the first ground therein set forth, should said bill be dismissed?"

The first ground of the demurrer is as follows:

"That, by reason of their nature as not being corporations or individuals or otherwise qualified, neither of said petitioner schools can properly bring or maintain said bill either alone or in conjunction with the other in its name or by the individual purporting or alleged to be authorized, empowered and directed by it to institute and carry on these proceedings in its name or on its behalf."

The amended bill alleges that both schools are voluntary unincorporated associations.   We know of no territorial law and none has been called to our attention permitting the members of an unincorporated association to sue in its association name.   Hence the power of the petitioners to seek equitable interposition and enforce their rights depends upon their common law status.   At common law all the members of an unincorporated voluntary association, however numerous, must appear in their several names as parties plaintiff.   (*O'Connell* v. *Lamb,* 63 Ill. App. 652, 656, 657; *Moore* v. *Stemmons,* 94 Mo. App. 475, 95 S. W. 313, 314; *Donovan* v. *Danielson,* 138 N. E. (Mass.) 811.)   As members of an unincorporated asso-

ciation the petitioners cannot sue or be sued in the character of a corporate body. The power to sue or the liability to be sued by their association name is denied by the courts to associates of unincorporated associations for the reason that such attempts are considered "a usurpation of corporate franchises, which must lie in grant from the sovereign." (Yale Law Journal, Vol. 33, No. 4, pp. 404, 405; *Lloyd* v. *Loaring,* 6 Ves. Jr. 773, 777, 31 Eng. Repr. 1302; *Pipe et al.* v. *Bateman et al.,* 1 Cole (Iowa) 368, 370; *Donovan* v. *Danielson, supra; Am. Steel & Wire Co.* v. *Wire Drawers', etc., Unions,* 90 Fed. 598, 600.) The courts of chancery of England, due to its hardships and to suit the exigencies of modern practice, modified and altered the common law rule and in cases properly cognizable in equity, where the members of unincorporated associations were numerous, permitted a few to be made parties plaintiff or defendant as representative of all. (*Bromley* v. *Williams,* 32 Beav. 177, 188, 55 Eng. Repr. 69, 73.) But in the absence of an enabling statute an unincorporated association cannot sue or be sued in its common or associate name. None of the members of either of the petitioners are parties petitioner herein. That the respective petitioners sue by individuals, who, according to the allegations of the amended bill, are thereto authorized, is immaterial. Neither petitioner may by an agent do that which it cannot do as principal.

Petitioners contend that the legislature of the Territory has recognized the unincorporated status of Japanese language schools; that at most their appearance in their common or association names is procedural, involving no question of substantive law, and hence, as so recognized, they are legally entitled to sue in their respective association names, citing in support of their contention the case of *United Mine Workers* v. *Coronado Coal Co.,* 259 U. S. 344. The *Coronado* case was an action in tort for

damages under the Sherman Act, under section 7 of which corporations and associations existing under or authorized by the laws of the United States or the laws of any of the Territories or the laws of any State or the laws of any foreign country were made liable for damages for the tortious acts of their members.   The court held that labor unions organized as unincorporated associations had been recognized as legal entities by the laws of the United States and as so recognized were included within the term "associations" as employed in section 7. Obviously this case has no application to the instant case. The territorial law, against the enforcement of which the petitioners exhibit their bill, does not mention foreign language schools, Japanese or otherwise.   The only law of the Territory which refers to foreign language schools is Act 30 of the special session of 1920 as amended by Act 171, S. L. 1923.   But their individual status, whether as individuals, corporations or voluntary associations, is not recognized nor referred to therein in any way.   This is not sufficient to sustain a claim that the laws of the Territory have recognized Japanese language schools as unincorporated associations.

Question 1 should therefore be answered in the negative and question 2 in the affirmative.

This defect, however, is not fatal to the bill.   The designation of an unincorporated association as a party litigant in its associate name is at most a procedural defect and not one of substance.   If not taken advantage of it is deemed to be waived.   (33 Yale Law Journal, *supra*, p. 404; *Agricultural Extension Club* v. *M. Hirsch & Son*, 179 Pac. (Cal. App.) 430, 431; *A. R. Barnes & Co.* v. *Chicago Typographical Union No. 16*, 83 N. E. (Ill.) 932, 933; *Iron Moulders' Union* v. *Allis-Chalmers Co.*, 166 Fed. 45, 48; *Crawley* v. *Amer. Soc. of Equity, etc.*, 139 N. W. (Wis.) 734, 736; *Deems* v. *Albany & Canal Line*, 7

Fed. Cas. 3736; *Rogers* v. *Verlander,* 5 S. E. (W. Va.) 847, 855.) So far as its capacity to sue or to be sued is concerned an unincorporated voluntary association is rated as a partnership. (*Karges Furniture Co.* v. *Amalgamated W. L. U. No. 131,* 75 N. E. (Ind.) 877, 878, 2 L. R. A. (N. S.) 788; *Guild* v. *Allen,* 67 Atl. (R. I.) 855, 857; *Standard Light & Power Co.* v. *Munsey,* 76 S. W. (Tex.) 931, 933; *F. R. Patch Mfg. Co.* v. *Capeless,* 63 Atl. (Vt.) 938, 939.) The authorities are practically uniform that where a copartnership undertakes to sue in its copartnership name upon demurrer or plea the court upon application will allow amendment by insertion of the names of the copartners. (*Morgridge* v. *Stoefer,* 104 N. W. (N. D.) 1112, 1113; *Moore* v. *Martin & Hoyt Co.,* 27 So. (Ala.) 252, 253; *Mitchell & Bro.* v. *Railton,* 45 Mo. App. 273, 282; *Dorsey* v. *Lawrence & Co.,* Hardin (Ky.) 517, 518; *E. A. Johnson & Co.* v. *Smith,* 1 Morris (Iowa) 105; *Kleinert* v. *Knoop,* 110 N. W. (Mich.) 941; *Loewenberg* v. *Gilliam & Lyon,* 79 S. W. (Ark.) 1064; *Union Wine Co.* v. *Green,* 115 N. Y. S. 921.) Hence it follows that where the members of an unincorporated association mistakenly sue in their common or associate name the court upon proper application therefor should permit an amendment of parties petitioner. The association name may furnish the means of identifying the real parties in interest.

The third question propounded is therefore answered in the negative.

The cause is remanded with instructions to the trial court to sustain the demurrer to the amended bill upon the first ground thereof without prejudice, however, to an application to the court to amend the same.

*J. Lightfoot (Lightfoot & Lightfoot, Huber & Kemp* and *J. L. Coke* on the brief) for petitioners.

*W. F. Frear (Frear, Prosser, Anderson & Marx* and *J. A. Matthewman* on the briefs) for respondents.