FRANK HOELZEL v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, a Corporation, and ARTHUR J. WILLIAMS, Appellants.— 102 S. W. (2d) 577.

Division One, March 17, 1937.

794

*Luther Burns, Henry S. Conrad, L. E. Durham, Hale Houts* and *I. M. Lee* for appellants.

*James P. Aylward, Pross T. Cross, Gerald Cross, George V. Aylward* and *Terence M. O'Brien* for respondent.

HAYS, J.—This is a second appeal. The action was for personal injuries, brought by the plaintiff against the above-named railway company and its engineer, Carden, and its fireman, Williams, as defendants. The verdict and judgment went against the three defendants and they appealed. On that appeal this court (337 Mo. 61, 85 S. W. (2d) 126) reversed the judgment and remanded the cause with directions.

After the remand the circuit court, on motion of plaintiff, entered a judgment dismissing the cause as to Carden, and entered judgment against the two remaining codefendants on the former verdict. The company and the fireman have brought the present appeal, which presents for decision the question, Did the court below in rendering the purported judgment follow the mandate of this court?

When the plaintiff moved as stated, counsel for the company and for Williams objected and excepted, and throughout saved their exceptions, on the ground that it violated the mandate, and on the further ground—also presented here—that the matter of plaintiff's right to dismiss had become *res adjudicata* by reason of this court's denial, in the former appeal, of a motion to dismiss the cause, filed herein after the opinion had been delivered.

In anticipation of considering the form of the directions to be given

on the remand we referred in the former opinion (l. c. 76) to the earlier doctrine of looking on a judgment as an entirety, to be reversed as to all if reversed as to one. We pointed out that "the later and better rule is to go deeper than the mere shell of the judgment and look into the nature of the case itself, and where the interests of the parties to an appeal may be rightfully severed, where the errors do not affect the parties jointly and where the rights of one party are not dependent upon those of another, then, it is not necessary to reverse the entire judgment. [Elliott on Appellate Procedure, secs. 474-475.]" In that connection we observed also that the error, mentioned above, did not affect the defendants jointly and that it was not calculated to affect any one except Carden.

We further pointed out, l. c. 77, that the rendition of two judgments in the same case could be prevented by reversing the judgment and remanding the cause with directions to hold in abeyance the verdict as to both liability and amount of damages as to the defendants against whom no error was committed, until the case was finally disposed of as to the liability only of the other defendant, then enter judgment for the amount of the verdict held in abeyance against all defendants finally held liable. And such was the disposition which this court in conclusion, by its judgment, made of the former appeal and for those express reasons.

So, it appears, the purpose of our mandatory direction was to dispose of the only remaining issue in the case, liability *vel non* of Carden, and the verdict was suspended to accommodate itself to that eventuality upon which the vitality of the verdict, as to him, was made to depend.

In such case the mandate constituted a limited power of attorney to the court below and the opinion, which is a part thereof, serves an interpretative function. [State ex rel. McGrew Coal Co. v. Ragland, 339 Mo. 452, 97 S. W. (2d) 113, 115.] It was not necessary for this court to dictate, and it did not dictate, in what manner the mandate should be complied with. [Fanning v. Doan, 146 Mo. 98, 100, 47 S. W. 896.] Our mandate meant in that respect, and *ex vi termini* in view of the reasons upon which it was predicated, as they are noted above, could properly be interpreted as meaning only, that the court to which it was addressed should follow it in one of the modes permitted by law. By it jurisdiction and authority were granted that court to take such steps as were ordered and such incidental steps as were necessary to carry our mandate into execution. *Beyond this, nothing.* [Chouteau v. Allen, 74 Mo. 56, 59.]

Voluntary dismissal by the plaintiff was one of the lawful modes. No duty to the other defendants rested upon the plaintiff in the first instance to make, or thereafter to retain Carden as a party defendant, whether or not it might in some way inure to the advantage of the

other defendants for plaintiff to do so. This is so well settled as to require no citation of authorities.

However, the defendants contend that the right, if any, to dismiss was *res adjudicata* as the result of this court's denial of plaintiff's right so to do upon his request made in this court after our opinion had been delivered. That action carried no such implication. On the contrary, this court in the exercise of its discretion, and in conformity with practice, merely declined to permit the plaintiff to mend his case in this forum.

The important question remains: Had the circuit court power under the mandate to enter judgment presently for the amount of the verdict with interest thereon from the date of the first judgment entered thereon, October 10, 1931, as was done in the latter judgment?

Plaintiff urges that as the mandate did not expressly prohibit interest it was properly allowed by the trial court. Plaintiff cites in support Crook v. Tull, 111 Mo. 283, 20 S. W. 8; Catron v. Lafayette County, 125 Mo. 67, 70, 28 S. W. 331; and Ex parte Republic of Colombia, 195 U. S. 604, 605, 49 L. Ed. 338, 340. The first two are in no respect pertinent. The mandate involved in the Federal case was, as defendants correctly say, in effect a partial affirmance and modification of an award under a decree then under review as distinguished from a reversal. That ruling, made in relation to an equitable proceeding, cannot in any event prevail over our well established rules, particularly the rule that the power conferred by our mandate does not extend beyond its express limits and implications incident to the same, as stated herein above. This case in respect of the allowance by retroactive judgment of interest on the verdict from its date may properly be ruled upon the authority of Scullin v. Wabash Railroad Co., 192 Mo. 6, 90 S. W. 1028, in which it was held that upon a remand of the cause with directions to enter judgment according to the verdict, with no further direction as to interest, the plaintiff is not entitled to have judgment as of the date of the verdict, or to have a judgment for the amount of the verdict with interest thereon from the date of the verdict, but is entitled only to a judgment for the sum named in the verdict, with interest thereon from the date the judgment is entered in accordance with the mandate. Both divisions of our court have subsequently employed directions identical with those contained in the mandate here under review. [McCombs v. Fellis, 337 Mo. 491, 503, 85 S. W. (2d) 125; Yerger v. Smith, 338 Mo. 140, 89 S. W. (2d) 66, 77, and Lambert v. Jones, 339 Mo. 677, 98 S. W. (2d) 752, 760.]

The plaintiff's fault made necessary both the former reversal and the one now about to be adjudged.

The judgment of the circuit court is reversed and the case is remanded with directions to that court, upon receipt of our mandate, to enter judgment of that date dismissing the cause as to defendant Car-

den and discharging him without day, and for plaintiff, as against the remaining defendants for the sum of $20,000 as fixed by the verdict. All concur.