Bernard LITWINOWICZ

v.

WEYERHAEUSER STEAMSHIP COM-
PANY, Defendant and Third-Party
Plaintiff,

v.

NACIREMA OPERATING CO., Inc.,
Third-Party Defendant.

Joseph MATYAS

v.

WEYERHAEUSER STEAMSHIP COM-
PANY, Defendant and Third-Party
Plaintiff,

v.

NACIREMA OPERATING CO., Inc.,
Third-Party Defendant.

Civ. A. Nos. 21553, 21554.

United States District Court
E. D. Pennsylvania.

Aug. 9, 1960.

Freedman, Landy & Lorry, Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendant.

John B. Hannum, 3rd, Philadelphia, Pa., for third-party defendant.

KRAFT, District Judge.

Plaintiffs and third-party defendant have stipulated the narrow question before us: "Does interest run from entry of judgment following trial, or from the date of disposition of post-trial motions?" While plaintiffs' judgments were against defendant, and not against the third-party defendant, counsel stipulated during argument that the question should be decided as if plaintiffs' judgments were directly against the third-party defendant.

Plaintiffs, longshoremen, instituted separate actions against Weyerhaeuser

Steamship Company to recover damages for personal injuries sustained while they were engaged in loading steel beams aboard defendant's vessel. Both complaints alleged negligence and unseaworthiness.

Weyerhaeuser, in both cases, impleaded and sought indemnity from plaintiffs' employer, Nacirema Operating Co., Inc., which had contracted to perform the stevedoring services.

Plaintiffs' actions against Weyerhaeuser were tried before a jury. Pursuant to stipulation, the third-party actions were tried to the court. Seven questions were submitted to the jury under Rule 49, 28 U.S.C.A. On the basis of the jury's answers, and the court's findings in the third-party actions, judgment was entered for each plaintiff against Weyerhaeuser, and in favor of Weyerhaeuser against Nacirema.

The cases again came before us on Weyerhaeuser's motions to vacate and set aside the judgments, or, in the alternative, for a partial new trial; and on Nacirema's motions to amend the judgment, to amend the findings, to make additional findings, etc., under Rules 52 and 59.

On December 21, 1959, we filed an opinion, 179 F.Supp. 812 and order in which we denied all post-trial motions in the Litwinowicz case; and granted the post-trial motion for a new trial, limited to the issue of damages, in the Matyas case, unless the plaintiff filed a remittitur of all sums in excess of $55,000.

Matyas then filed a remittitur, remitting "all of the verdict" in excess of $55,-000, "without prejudice as to interest on the aforesaid sum from the date judgment was entered on the original verdict and without prejudice as to costs."

Thereafter, we filed an order in the Matyas case denying Weyerhaeuser's and Nacirema's motions for a new trial.

Counsel agree that the question before us is solely one of federal law. Moore-McCormack Lines, Inc. v. Amirault, 1 Cir., 1953, 202 F.2d 893. The mandatory provision of 28 U.S.C. § 1961 is that "Interest shall be allowed on any money judgment in a civil case recovered in a district court." That section further provides that "such interest shall be calculated from the date of the entry of the judgment, at the rate allowed by State law." In the dissenting opinion in Briggs v. Pennsylvania R. Co., 334 U.S. 304, 312, 68 S.Ct. 1039, 1043, 92 L.Ed. 1403, of a practically identical provision in the prior law it is said:

"On the other hand, Sec. 811 is very different. Nothing in its terms permits an implication that the award of interest is to be made as a matter of judicial discretion. The language is mandatory * * * (It) gives the interest it encompasses as a matter of right. United States v. Verdier, 164 U.S. 213, 17 S.Ct. 42, 41 L.Ed. 407."

In its application to the facts before us, the language of the statute is clear and unambiguous, and leaves no room for construction or interpretation. We find no support for Nacirema's contention that interest should be calculated from the date of disposition of post-trial motions. Learned counsel refers us to Powers v. New York Central Railroad Co., 2 Cir., 1958, 251 F.2d 813, and similar cases. All of these cases, however, involve the question whether a plaintiff is entitled to have interest on his *verdict* for the interval between its return and the ultimate entry of judgment on the verdict, following the reversal of judgment for defendant on post-trial motions. On this point, there is indeed a definite split of authority, as so clearly stated in the dissenting opinion in Briggs, supra, 334 U.S. 304, 307, 68 S.Ct. 1039, 92 L.Ed. 1403. The instant case presents no such question. Neither plaintiff claims interest for any period prior to entry of judgment on June 3, 1959.

In the Matyas case, of course, interest would accrue on the judgment as reduced by the remittitur, from the date of the entry of the judgment for the greater amount. This judgment was not vacated, but simply modified by reduction in amount by the plaintiff's remittitur.

694

The position of the parties is precisely the same as though the verdict and judgment had been for this reduced sum. The situation is analogous to that in which an appellate court reduces a judgment. As plaintiff points out, the reasoning applied by the court in allowing interest on the judgment as reduced from the date of original entry is that the revision of the judgment is a partial affirmance. Ex parte The Republic of Colombia, 1904, 195 U.S. 604, 605, 25 S.Ct. 107, 49 L.Ed. 338; Kneeland v. American Loan & Trust Co., 1891, 138 U.S. 509, 511, 11 S.Ct. 426, 34 L.Ed. 1052. Whether the judgment or decree below be reduced or increased, interest is allowed on so much thereof as can be said to be "affirmed" by the appellate court, from the date of original entry. Harris v. Chicago Great Western Ry. Co., 7 Cir., 1952, 197 F.2d 829; Chemical Bank & Trust Co. v. Prudence-Bonds Corp., 2 Cir., 1954, 213 F.2d 443.

Settle and submit order accordingly.