**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 28 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT D. GREENE,

      Plaintiff - Appellee,

v.

SAFEWAY STORES, INC.,

      Defendant - Appellant.

No. 99-1393

(District of Colorado)

(D.C. No. 94-N-691)

**ORDER AND JUDGMENT** *

Before **BRISCOE** , **McWILLIAMS** , and **ALARCÓN** ,** Circuit Judges.

---

    *     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    **     The Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth Circuit, sitting by designation.

A jury found that Safeway Stores, Inc. ("Safeway") willfully discriminated against former employee Robert Greene ("Greene") in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 <u>et seq.</u> In this appeal, Safeway contends that the district court erred in concluding that postjudgment interest on the damages awarded by the jury began to accrue when the district court entered judgment on the verdict. Because the accrual of postjudgment interest is triggered by the entry of judgment, we affirm.

I

On June 11, 1997, the jury announced its verdict for Greene in the amount of $6.7 million. On June 27, 1997, Greene filed a motion for entry of judgment. On July 8, 1997, the parties jointly filed a stipulation providing that "[t]he Court may enter judgment effective July 11, 1997, in the amount of $6,700,000 in accordance with the verdict rendered by the jury in this matter of June 11, 1997." The stipulation also provided for a stay of execution of the judgment.

On July 11, 1997, the district court entered an order that it deemed a "Final Judgment" on the $6.7 million jury verdict for Greene. In that order, the district court provided that "[p]ost-judgment interest shall accrue at the legal rate of 5.65% per annum from the date of entry of this judgment." On the same day, Greene filed a motion to alter or amend the judgment, seeking liquidated damages and prejudgment interest.

-2-

On March 31, 1999, the district court entered what it deemed an "Amended Final Judgment" adding $810,786 in liquidated damages to the $6.7 million judgment. In that order, the district court provided that "[p]ost-judgment interest shall accrue at the legal rate of 4.732% per annum from the date of entry of this judgment." On April 28, 1999, Safeway filed a notice of appeal.

On July 1, 1999, Greene filed a motion to vacate the stay of execution of the judgment or to compel Safeway to post a bond. Safeway argued in response that the judgment did not become final and appealable until March 31, 1999, that postjudgment interest on the entire award should only accrue from that date forward, and that the lower interest rate in effect on that date should apply to the entire award. The district court was unpersuaded. Safeway filed a second notice of appeal, which resulted in the case now before us.

II

An award of postjudgment interest is controlled by 28 U.S.C. § 1961, which provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment." § 1961(a). We review de novo the district court's interpretation of 28 U.S.C. § 1961. See Utah v. Babbitt, 53 F.3d 1145, 1148 (10th Cir. 1995).

Postjudgment interest is mandatory under § 1961(a). See Bancamerica

Commercial Corp. v. Mosher Steel, Inc., 103 F.3d 80, 81 (10th Cir. 1996). "The purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damages and the payment by the defendant." Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990) (quotations and alterations omitted). This court has held that "postjudgment interest should be calculated from the date that a plaintiff's damages are meaningfully ascertained and included in a final, appealable judgment." Wilson v. Union Pac. R.R. Co., 56 F.3d 1226, 1233 (10th Cir. 1995) (quotations omitted); see also Kaiser Aluminum, 494 U.S. at 835 ("In light of the plain language [of § 1961] and the absence of legislative intent to the contrary, we conclude that postjudgment interest properly runs from the date of the entry of judgment.").

Here, the district court entered a final judgment for Greene for $6.7 million on July 11, 1997. Safeway stipulated to the entry of this judgment. Safeway now argues that the pendency of Greene's post-trial motion seeking liquidated damages prevented the July 11, 1997, judgment from being a final, appealable judgment on which postjudgment interest could accrue.

A timely post-trial motion like Greene's will toll the period in which a notice of appeal must be filed, causing the time to run from the entry of an order denying or granting the post-trial motion. See Fed. R. App. P. 4(a)(4). The

tolling of the time to file a notice of appeal, however, does not mean that the judgment, when entered, was anything less than a final, appealable judgment on which postjudgment interest could begin to accrue. See Fed. R. Civ. P. 58; see also, e.g. , Poleto v. Consolidated Rail Corp. , 826 F.2d 1270, 1281 (3rd Cir. 1987) ("When post-trial matters require time for proper resolution . . . the better practice is not to delay entry of the judgment (thereby prejudicing the successful plaintiff's claim to postjudgment interest), but to enter the judgment and entertain a motion to stay its execution . . . ."); Litwinowicz v. Weyerhaeuser Steamship Co. , 185 F. Supp. 692, 693-94 (E.D. Pa. 1960) (holding that, where judgment was entered for plaintiffs and postjudgment motions were filed, postjudgment interest ran from date of entry of the judgment, and not merely from the date of disposition of the post-trial motions).

In Midamerica Federal Savings & Loan v. Shearson/American Express, Inc. , 962 F.2d 1470 (10th Cir. 1992), the court recognized that it is necessary in some cases to apply different start dates and rates of postjudgment interest to different components of a money judgment. Id. at 1475-77 (holding that, where the judgment on a jury verdict and the judgment awarding attorney's fees were entered separately, postjudgment interest began to accrue on the two amounts on their respective dates of entry). This is one of those cases.

The judgment of the district court is AFFIRMED.

Entered for the Court


Arthur L. Alarcón
Senior Circuit Judge